# Daniel *v.* Stewart.

*Bill in Equity for Cancellation of Deed as Cloud on Title.*

1.  *When deed will be cancelled, as cloud on title.*—A court of equity will not interfere to cancel a deed, as a cloud on the title to land, when it is void on its face; but, if extrinsic evidence is necessary to show its invalidity, although it may be void in fact, it is a cloud on the title, and a court of equity will cancel it.

2.  *When married woman can not come into equity.*—A married woman, having an adequate remedy at law, by action in her own name, to recover the possession of lands belonging to her statutory separate estate (R. C. § 2525), can not maintain a bill in chancery for that purpose, in the absence of fraud, or other circumstances of equitable cognizance.  (Overruling *Barclay v. Plant & Co.*, 50 Ala. 509.)

3.  *Who may file bill to remove cloud on title.*—A bill in equity, to remove a cloud on the title to land, can only be maintained by a person who is in possession: if the land is adversely held under color of title by another person, the complainant must first recover the possession in an action at law.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed on the 23d March, 1871, by Mrs. Phœbe Ann Stewart, suing by her husband and next friend, against John W. Daniel, to recover the possession of a tract of land, which the complainant claimed as belonging to her statutory separate estate, and which was in the possession of said Daniel, who claimed title under a deed exe-

[Daniel v. Stewart.]

cuted to him by the complainant in 1863; also, for an account of the rents and profits, and the cancellation of the said deed, as a cloud on the complainant's title. The bill was afterwards amended, by bringing in as defendants several persons to whom said Daniel had sold and conveyed parts of the land. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and this decree is now assigned as error by the defendants.

HERBERT & BUELL, for appellants.—1. A bill to remove a cloud on the title to land lies only in favor of a party who is in possession.—*Burton v. Gleason*, 56 Ill. 25; *Barrow v. Robbins*, 22 Mich. 35; *Orton v. Smith*, 18 How. U. S. 265; *Munson v. Munson*, 28 Conn. 582; *Herrington v. Williams*, 3 Texas, 448; *Apperson v. Ford*, 23 Ark. 740; *Eldridge v. Smith*, 34 Vermont, 484; *Blackwood v. Van Vleet*, 11 Mich. 252; 31 Miss. 333; *Croft v. Merrill*, 14 N. Y. 456; *Smith v. McConnell*, 17 Ill. 135; *Alton (M. & T.) Insurance Co. v. Buckmaster*, 13 Ill. 201; *Nevin v. Belknap*, 2 Johns. 537; *Harris v. Smith*, 2 Dana, 10.

2. The complainant's deed to the defendant, under the allegations of her bill, is absolutely void.—*Warfield v. Ravesies*, 38 Ala. 518; *Alexander v. Saulsbury*, 37 Ala. 375; *O'Neal v. Robinson*, 45 Ala. 531. Hence, her remedy at law was adequate and complete.—Rev. Code, § 2525. Hence, also, it is no cloud on her title.

3. The complainant should have offered to do equity, by refunding the purchase-money which she had received.— *Adams v. Castle*, 30 Conn. 404; *Hatch v. Gazza*, 7 Texas, 60; *Martin's Heirs v. Tenison*, 26 Ala. 738.

WATTS & WATTS, *contra.*—1. The complainant's deed to Daniel is not void on its face, and, consequently, is a cloud on her title.—2 Story's Equity, §§ 699, 700, 700a. But courts of equity now take jurisdiction to cancel deeds, even when they are void on their face.—*Smith v. Pearson*, 24 Ala. 355; *Posey v. Conway*, 10 Ala. 811; *M. & G. Railroad Co. v. Peebles*, 47 Ala. 317; *Martin v. Hewitt*, 44 Ala. 418; *Piersol v. Elliot*, 6 Peters, 95; *Burt v. Cassity*, 12 Ala. 740; 1 John. Ch. 517.

2. The complainant might maintain this suit without having possession of the land.—*Burden v. Stein*, 27 Ala. 112; *Barclay v. Plant*, 50 Ala. 509; *Petit v. Shepherd*, 5 Paige, 501; *Wright & Rice v. Moore*, 38 Ala. 599.

3. It was not necessary that the complainant should offer to repay what she had received under the deed. The defend-

ants did not ask it, and they had received the rents and profits of the land.

MANNING, J.—Appellee, who was complainant below, purchased in 1858, in her then name of Phœbe Ann Wood, a parcel of land in Butler county. In 1861, she was married to one Stewart, her next friend in this cause; and during his absence in the army, in 1863, she sold the land, and executed a deed of it by the name in which it was conveyed to her— Phœbe Ann Wood—to defendant Daniel, who sold portions of it to the other defendants. Daniel received possession of the land, and has had it, he and those to whom he sold, ever since. The bill, filed by appellee, prays that the deed, being void, because the act of a married woman conveying her statutory separate estate, without her husband joining her in it, be decreed to be cancelled as a cloud upon her title; and for the recovery of the land, and rents for the use and occupation of it, and for general relief. It is not averred in the bill, nor proved, that the price paid for it, though in "Confederate currency," was inadequate, or that any fraud was practiced in the transaction.

1. The objection of appellant—the deed being absolutely void, according to the allegations of the bill, therefore a court of chancery will not interfere to cancel it as a cloud upon complainant's title—is not well taken. This is the rule, only when the deed thus assailed is void on its face, and no evidence outside of it, which might be lost or obscured by time, needs to be produced to establish its validity.—2 Story's Eq. Jur. § 700a; *Rhea v. Longstreet & Sedgwick*, 54 Ala. 291.

In this case, the deed does not contain any defect apparent therein. It was executed by her with the name by which she is designated as the grantee in the instrument conveying the land to her, without any indication that she is a married woman. This fact has to be proved by evidence *dehors* the deed.

2. If, however, the deed is void as alleged, the statute gives to complainant, notwithstanding her coverture, and in her own name, an action at law for the recovery of the land, it being of the *corpus* of her statutory separate estate.—Rev. Code, § 2525 (2131); *Pickens v. Oliver*, 38 Ala. p. 377. And the Circuit Court was the proper forum for, and a trial by jury the fit mode of determining, a suit to obtain possession. No fraud being charged against any of defendants, there is no allegation on which to maintain the right to come into equity, except that complainant is a married woman, or that the existence of the deed is a cloud upon her title.

[Daniel v. Stewart.]

When matters, which, on account of their peculiar nature, or circumstances, or complications, have been within the exclusive jurisdiction of a court of equity, are afterwards by statute made cognizable in a court of common law, it has often been held, that the jurisdiction of a court of equity was not thereby taken away; but that the parties interested might still, if they elected to do so, resort to that tribunal. These, though, were cases in which the jurisdiction pertained to a court of equity, by reason of the nature of the subject, or of the questions involved in the litigation. The only reason why a married woman could not sue alone, in an action at law, was of a nature entirely personal. By the common law, her existence was considered merged in that of her husband, and she was not recognized as *sui juris*. Consequently, when she had an interest distinct and separate from that of her husband, or adverse to his, it was only in a court of equity she could obtain protection. This it was that gave her a right of access to that court. Even then, however, she could not sue in equity, to obtain possession of land of which the legal title was in her. The husband, on account of his right to the possession and use of her real estate, and she from the fact that the title was in her, must sue as joint plaintiffs in an action at law. There was no jurisdiction of such a case in a court of equity. It follows, that when the statute prevented the common-law marital right of the husband from attaching to her land, and made it her statutory separate estate, and conferred upon her at the same time the right—in fact required her—to sue alone when necessary to recover the *corpus* of such estate, chancery did not acquire jurisdiction of a suit by her to obtain the possession from a third person who wrongfully withheld it. All the questions in such a suit were cognizable at law. So much of the opinion in *Barclay v. Plant* (50 Ala. 509), as maintains the contrary of this, has not our assent.

3. In respect to a bill to remove a cloud upon the title, a court of equity will not entertain it, while the defendant is in adverse possession of the land with color of title. The complainant in this suit must first recover at law the possession she delivered at the time she undertook to sell the property to defendant Daniel. It is only in favor of a person in possession, who consequently can not bring an action at law, by which he can have an adjudication of the apparent title of his adversary, that an appeal to equity is allowable, upon the averment that the existence of the instrument creates a cloud upon his title.

The decree of the court below must be reversed, and the bill be here dismissed.