# Plant *et al. v.* Barclay.

*Bill in Equity to recover Possession, and remove Cloud from Title to Land.*

56 561
121 212

56 561
131 284

56 561
134 426

56 561
143 267

1. *Who may maintain bill to remove cloud on title to land.*—A court of equity will not entertain a bill to remove a cloud from the title to land, in favor of a person asserting a legal title, when he is not in possession, unless he shows some special equity; that is, some obstacle, or impediment, which would prevent or embarrass the assertion of his rights at law.

2. *When wife can not come into equity.*—For the recovery of lands which belong to her statutory separate estate, a married woman has a complete and adequate remedy by action at law (Rev. Code, § 2525), and therefore can not come into equity, without showing some special reason for its interposition. (Overruling *Barclay v. Plant*, 50 Ala. 509–22.)

APPEAL from the Chancery Court of Colbert.
Heard before the Hon. H. C. SPEAKE.
The bill in this case was filed on the 23d December, 1869,

by Mrs. Mildred A. Barclay, the wife of Dr. A. M. Barclay, suing by her next friend, against her said husband, and also against Henry B. Plant, John A. Steele, Mrs. Julia A. Blocker, and Mrs. Nancy Beaumont; and sought, principally, to recover the possession of certain lands, which were in the possession of said Plant and Steele under adverse claim of title, to establish and quiet the complainant's title to said lands, and to make said defendants account for the rents and profits while in their possession. The lands had belonged to the complainant's husband, said A. M. Barclay, who was also her guardian when he married her; and on the 31st August, 1866, about twelve years after their marriage, he conveyed said lands to his wife, by a deed which was regularly acknowledged and recorded, and which recites, as its consideration, an indebtedness to her by him, ".as trustee of her separate estate, in a sum exceeding one thousand dollars, the precise amount of which can not now be ascertained, in consequence of the loss of books and papers during the late war." Said Barclay was indebted, at the time this deed was executed, and judgments had been rendered against him in favor of Mrs. Blocker and Mrs. Beaumont, respectively; and the lands were sold by the sheriff, under executions issued on these judgments. The complainant asserted title to the lands, under the said deed from her husband; and she prayed that the sheriff's deeds, under which the defendants held and claimed, might be cancelled and declared void, as a cloud on her title; that she might be established in the possession, her title quieted, &c.

When the cause was first heard on pleadings and proof, the chancellor (Hon. WILLIAM SKINNER) dismissed the bill, holding that "the proof is not sufficient to sustain the bill of complaint;" but his decree was reversed by this court on appeal, and the cause was remanded, as shown by the former report of the case (50 Ala. 509–22), where the facts are stated at greater length. After the remandment of the cause, no proceedings were had which require any special notice. The cause being again submitted for final decree, on pleadings and proof, the chancellor (Hon. H. C. SPEAKE) thereupon rendered a decree for the complainant, in accordance with the principles announced in the former opinion of this court; and his decree is now assigned as error.

WM. COOPER, and WATTS & WATTS, for the appellants.— The former opinion delivered by this court in this cause is at variance with other decisions delivered by the court as then organized, and is in direct conflict with several adjudications which are not noticed in it; and the principles set-

[Plant et al. v. Barclay.]

tled by it have since been expressly overruled.—See *Foster v. Moody*, 51 Ala. 473; *Cantrell v. Ragland*, 49 Ala. 294.; *Parks & Brewer v. Coffey*, 52 Ala. 32. That the bill is without equity, as a bill to remove a cloud from the title, see *Lyon v. Hart*, 11 Ala. 309; *Burt v. Cassady*, 12 Ala. 734; *Smith v. Pearson*, 24 Ala. 355; *Hunt & Frowner v. Acre & Johnson*, 28 Ala. 580; *Marston v. Rowe*, 39 Ala. 722; *Martin v. Hewitt*, 44 Ala. 435; *Daniel v. Stewart*, at the present term; 9 Paige, 16, 389.

J. B. MOORE, *contra.*—The complainant could only obtain complete redress in a court of equity. She filed her bill, not only to recover possession, but to remove the cloud on her title, to cancel the various deeds adversely held, to recover the rents, to prevent a multiplicity of suits, and to remove her husband from the control of her property as trustee. Besides, she could not sue Mrs. Blocker at law, who was not in possession; and she could not sue Plant, who was a non-resident. On these facts, the jurisdiction of equity is conclusively shown by the following authorities: *Saltmarsh v. Smith*, 32 Ala. 404; *Moran v. Palmer*, 13 Mich. 369; *Dahl v. Pross*, 6 Minn. 89; *Pixly v. Huggins*, 15 Cal. 127; *Almony v. Hicks*, 3 Head, Tenn. 39; 13 Illinois, 201; 10 How. Miss. 584; 2 Yerger, 524; 10 Yerger, 59, 83, 179; 2 Story's Eq. § 700; Rev. Code, § 3321.

STONE, J.—The bill in the present case concedes that Mrs. Barclay, appellee, was not, when she commenced her suit, in possession of the lands she claims, and seeks to recover. If she has any title to the property, it is legal, and can be enforced in a court of law. The bill seeks to remove a cloud from the title. When this case was before in this court (*Barclay v. Plant*, 50 Ala. 509), it was decided, that the bill contains equity, and that complainant is entitled to relief. Since then, many of the principles therein announced have been departed from.—See *Parks, Brewer & Co. v. Coffey*, 52 Ala. 32.

A party, not in possession, and claiming under a legal title, can sue at law, and in such suit test the strength of his own and that of his adversary's title. He has no standing in a court of equity. This, upon the familiar principle, that there is an adequate remedy at law.—High on Inj. §§ 269, 273; 1 Story's Eq. Jur. § 700. In such cases, it is a fundamental principle, that equity will not lend its aid, unless, on some ground averred and shown, the law court is incompetent to give adequate relief. Equity never exercises this precautionary jurisdiction—never administers this preventive re-

lief—of removing a cloud from the title, in favor of one out of possession, and holding a legal title, unless some other sufficient equity be shown.—See *Sullivan v. Finnegan*, 101 Mass. 447; *Clouston v. Shearer*, 99 Mass 209; *Bunce v. Gallagher*, 5 Blatch. C. C. 481; *Hennington v. Williams*, 31 Texas, 448; *Woods v. Monroe*, 17 Mich. 238; *Polk v. Pendleton*, 31 Md. 118; *Barron v. Robbins*, 22 Mich. 35; *Rea v. Longstreet & Sedgwick*, at the last term of this court; *Lyon v. Hunt*, 11 Ala. 295; *Ala. Life Ins. & Trust Co. v. Pettway*, 24 Ala. 544. And such special equity, to be available, must consist of some obstacle, or impediment, which would prevent or embarrass complete redress in the law court. Nothing of that kind is shown in this record. On the contrary, the averments of the bill show that Mrs. Barclay's remedy at law was complete and adequate.—Rev. Code, § 2525; *Boynton v. Sawyer*, 35 Ala. 497.

It results from this that we must overrule the decision heretofore announced—50 Ala. 509—and here render the decree which the chancellor should have rendered.—See Rev. Code, § 666. It is therefore ordered and decreed, that the decree of the chancellor be, and the same is hereby reversed; and the bill of complainant in the court below, appellee here, is dismissed out of this court, and out of the Chancery Court. Let her next friend pay the costs in the court below, to be taxed by the register, and the costs in this court.

BRICKELL, C. J., not sitting.