# Brown *v.* Hunter.

*Bill in Equity to Remove Cloud from Title and for Distribution.*

1. *Cloud on title; what bill to remove must show.*—A bill which does not aver possession in the complainant or some special equity showing an obstacle or impediment which would prevent or embarrass the assertion of rights at law, cannot be maintained as a bill to remove a cloud from the title to land.
2. *Fraud; when does not give chancery jurisdiction.*—If the execution of a deed is procured by fraud the deed has no legal existence, either in a court of law or equity; and, therefore, a party not being in. possession of the land cannot maintain a bill to cancel the deed executed by her, on the ground, alleged in the bill, of actual fraud in the procurement of her signature.
3. *Deed of married woman; when void.*—The deed of a married woman in the execution of which the husband does not join, is void.
4. *Partition of land or sale for division; when chancery has jurisdiction to decree.*—The statute laws of this State (Acts, 1896, p. 17) confer on chancery courts jurisdiction to · divide, or partition, or sell for partition or division any property held by joint owners or tenants in common, whether the defendant denies the title of complainant or sets up adverse possession or not; and a complainant out of possession can, under the provisions of this law, maintain a bill against a joint tenant or tenant in common for sale of land, provided she can show such an interest in the property, though disputed, as entitles her to share in the distribution of the proceeds.
5. *Error without injury.*—A demurrer to a bill, if erroneously sustained by reason of which ruling the complainant is forced to

[Brown v. Hunter.]

make additional averments by amendments, is error without injury, if at the hearing the complainant fails to prove an allegation in the original bill material to his recovery.

APPEAL from the Chancery Court of Mobile.

Heard before Hon. W. H. TAYLOE.

Louisa Hunter brought this bill against Bettie Turner Brown to cancel a deed which, as alleged in the complaint, the latter fraudulently procured the former to execute to her; and to sell the land embraced in the deed for division among the joint owners. The facts necessary to be stated are these: Eli Brown and Chas. Jackson conveyed the land described in the bill to Lucinda Brown, Mollie Brown and Louisa Wilson. Lucinda Brown, who was the wife of Eli Brown, died intestate leaving her husband surviving her and three children, Louisa Wilson being one of them. Louisa Wilson intermarried with John Hunter and is complainant in this case. After the occurrences recited Eli Brown married Bettie Turner, who thereby became Bettie Turner Brown, as she is called in the bill. Eli Brown and the complainant executed a deed to the land in controversy to Bettie Turner Brown, and this deed the complainant declares was procured from her by fraud. The complainant was not in possession of the land. The defendant claims that the deed was executed to her because the land was paid for by money left with Eli Brown by her father in trust for her and her deceased brother. The main question in this case is whether or not the bill could be maintained as a bill to establish the claim of the complainant to a part interest in the land and to have it sold for division. Decree for complainant establishing the affirmative of this propisition is affirmed.

R. T. ERWIN, for appellant, cited *Stoutz v. Huger,* 107 Ala. 248; *Greenlee v. Greenlce,* 62 Ala. 330; *Oliver v. Peatt,* 401 Ala. 409.

L. H. & E. W. FAITH, *contra,* cited *Cheney v. Nathan,* 110 Ala. 254; *Larkin v. Rhodes,* 3 Porter, 207; *Lehman v. Lewis,* 62 Ala. 133; *McCall v. Rogers,* 77 Ala. 352.

[Brown v. Hunter.]

TYSON, J.—The bill in this cause cannot be maintained as a bill to remove cloud upon the title of complainant to the lot in controversy, as there is no averment that she was in possession of the lot at the date of its filing, and no averment of any special equity showing some obstacle or impediment which would prevent or embarrass the assertion of her rights at law. Furthermore, the evidence is without dispute that complainant's right to possession was denied by the appellant, and she was excluded from it by the appellant who claimed the entire property, and no special equity is shown by the testimony precluding or impeding the complainant in maintaining her action in ejectment to recover her one-third undivided interest in the lot.—*Plant v. Barclay,* 56 Ala. 561; *McLeon v. Presley,* 56 Ala. 211; *Daniel v. Stewart,* 55 Ala. 278; *Baines v. Barnes,* 64 Ala. 375; *Rea v. Longstreet,* 54 Ala. 291; *Jones v. DeGraffenreid,* 60 Ala. 145.

It is true the bill contains an averment of actual fraud in the procurement of complainant's signature to the deed which she seeks to have cancelled. This does not affect the principle announced above, or give a court of equity jurisdiction to maintain the bill, if the evidence should be found to support the averment. If the execution of the deed was procured by fraud, it has no legal existence either in a court of equity or a court of law, and she could, having the legal title, recover in ejectment.—*Thompson v. Drake,* 32 Ala. 103; *Forrest & Lyon v. Camp,* 16 Ala. 648; *Turnipseed v. McMath,* 13 Ala. 44; *Morris v. Harvey,* 4 Ala. 300; *Swift v. Fitzhugh,* 9 Port., 39; *Mordecai v. Tankersly,* 1 Ala. 100.

It appears, however, from the evidence, and it is averred in the bill, that complainant was a married woman, at the date of the execution of the deed by her, and that her husband did not join in its execution or consent, in writing or otherwise, to her signing it. Section 2348, Code 1886, which was in force at the date of the execution of the deed by complainant to the respondent, Bettie Turner Brown, prohibited the alienation by the wife of her lands or any interest therein without the assent and concurrence of the husband, his assent and concurrence to be manifested by his joining in the aliena-

tion in the mode prescribed by law for the execution of conveyances of land. The deed was, therefore, void and conveyed no title to the respondent to complainant's one-third interest in the lot.

The bill, in addition to seeking to have this deed cancelled, also seeks to have the lot sold for division and distribution of the proceeds among its several owners. All who have an interest in the lot are made parties, and each interest of the several owners in common is distinctly and clearly averred, and there is no controversy as to the legal title of either of the shares or portions except the complainants. It further appears, without dispute, from the evidence that the lot cannot be equitably divided and that a sale is necessary, and an averment of these facts appears in the bill. It further appears from the evidence, without dispute, that the respondent has denied the right of the complainant to the possession of the lot and also her title to any portion of it; and that the respondent, appellant, has claimed, within a recent period after her marriage to Eli Brown, the entire lot and has been in the possession of it and also claimed it under the deed from Eli Brown and complainant to her in 1895. There can be no doubt, under the testimony, that appellant was holding the lot adversely to the complainant at the time the bill was filed, and had been so holding for more than two years, and that this was known to complainant.

Courts of equity, without the aid of some statutory provision conferring it, have no jurisdiction to sell lands for partition among adult owners, without their consent.—*Wilkinson v. Stuart*, 74 Ala. 198; *DeLoney v. Walker*, 9 Port., 497; *Oliver v. Jernigan*, 46 Ala. 41.

Under section 3262 of Code of 1886, jurisdiction was conferred upon the chancery court concurrent with the probate court to divide or partition or to sell for division or partition any property, real, personal or mixed, held by joint owners or tenants in common.

In *Sellars, et al. v. Friedman*, 100 Ala. 499, this court in construing this section held that where a defendant holds possession of the property adversely under claim of title founded on disputed facts, a court of equity had no jurisdiction to sell for partition. To the same effect

is the case of *Davis v. Bigham,* 111 Ala. 292. Since these adjudications, the act of November 27th, 1896, (Acts 1896-7, p. 17) was enacted which is in the following words: "The courts of chancery shall have jurisdiction to divide or partition, or to sell for partition or division, any property, real, personal or mixed, held by joint owners or tenants in common, whether the defendant denies the title of the complainant or sets up adverse possession or not."

The manifest purpose of this act was to obviate the difficulties pointed out in the two decisions last above referred to, and to avoid compelling the complainant to first establish her legal title, when disputed, in a court of law before she could prosecute her suit in a court of equity for partition, or a sale for partition; and to permit such a bill to be maintained by a complainant out of possession as against her joint tenants or tenants in common, provided she can show that she has such an interest or title in the property, though disputed, as entitles her to share in the distribution of the proceeds.

What we have said is conclusive of complainant's right to maintain the bill in this case; her deed to the respondent, Brown, being void for want of a joinder by her husband with her in its execution, unless the special equities set up in respondent's cross-bill should prevail. It appears that a demurrer was sustained to her cross-bill as first amended, and thereupon a second amendment was filed which, in our opinion, contained immaterial averments and imposed upon her no greater burden of proof than she would have had to bear under the first amendment. After this second amendment, a demurrer was again filed but was not ruled upon, and the cause was submitted upon the pleadings and proof for final hearing, and a decree was rendered dismissing the cross-bill upon the merits.

After a careful examination of the testimony offered by respondent in support of the equities invoked in her cross-bill, we are of the opinion that it was not her money used by Eli Brown, her husband, in the purchase of the lot in controversy. We are unable to reach any other conclusion growing out of the improbable state of facts narrated by Brown. We feel strengthened in this

conclusion when we consider the fanciful, imaginary and accidental occurrence of their becoming lovers which ripened into matrimony within two or three days. A failure to make this satisfactory proof, would necessarily have resulted disastrously to the cause of action in the cross-bill, no matter what other averments germane to it may have been made. For this additional reason, if it be conceded there was error in sustaining the demurrer to it which resulted in the second amendment, it was without injury.

The decree must be affirmed.

Affirmed.