# State Land Co. *v.* Mitchell.

### Bill to Quiet Title.

(Decided June 17, 1909.  50 South. 117.)

1. *Quieting Title; Bill; Amendment.*—Where the bill was originally filed as a bill to quiet title strictly under the statute, it was properly amended by adding averments seeking release from an alleged void mortgage constituting respondent's claim to the property.

2. *Taxation; Assessment; Name of Owner.*—Where land is assessed to Jacob Mitchell which is owned by and in the possession of Jack Mitchell, the assessment is void and is fatal to title founded on the assessment.

3. *Same; Sale; Payment of Taxes.*—Where the taxes have been paid a sale of the property for taxes is void.

4. *Mortgages; Validity; Consideration.*—The assertion of a tax title based on an assessment which is void because not made against

[State Land Co. v. Mitchell.]

the true owner in possession, and the expression of the intention to enforce it was not a good or valid consideration for the execution of a mortgage by the owner to the holder of the tax title.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Jack Mitchell against the State Land Company, to quiet title and for relief against a void mortgage. Decree for complainant and respondent appeals. Affirmed.

GUNTER & GUNTER, for appellant. A mortgagor is a tenant by contract under the mortgage.—*Coyle v. Wilson*, 57 Ala. 108; 2 Jones on Mortgages, sec. 672. A tenant cannot implead his landlord as to title, nor can a mortgagor make the mortgagee a defendant in a suit in equity except to redeem or cancel the mortgage on some equitable ground.—1 Daniel Ch. Pr. 386; 2 Jones on Mortgages, 674; *Dalton v. Hayter*, 7 Beav. 319; 3 M. & C. 69; 7 Simons 479; 1 Sim N. S. 355; 3 DeG. & S. 729. The court was, therefore, in error in saying that a plea could not be filed in answer to a bill under the statute. The bill was not good as one to cancel a mortgage.—*Allen v. Prater*, 30 Ala. 458; *Ware, et al. v. Morgan*, 67 Ala. 461. The tax proceedings are presumptively correct.—*Kidd v. The State*, 125 Ala. 413. It is evident that taxes had never been paid, and it does not matter if the tax sale was void for any other cause, since the state's claim for taxes and penalty was transferred to the purchaser.—*Cobb v. Vary*, 120 Ala. 263; sec. 2300, Code 1907.

ROACH & CHAMBERLAIN, for appellee. The tax sale being void afforded no consideration for the mortgage. —*Ware v. Morgan*, 67 Ala. 468; *Prater v. Miller*, 25 Ala. 320; s. c. 30 Ala. 458; *Rutledge v. Townsend*, 38

Ala. 706; *Head v. Baldwin,* 83 Ala. 132; *McCaleb v. Price,* 12 Ala. 753. The tax sale was void because not made against the owner in possession, and because the taxes had been paid thereon.—*Boykin v. Smith,* 65 Ala. 300; *Oliver v. Robinson,* 58 Ala. 46; *Fleming v. McGhee,* 81 Ala. 410; *Johnson v. Harper,* 107 Ala. 708; *Crook v. Anniston City L. Co.,* 93 Ala. 4; *Watson v. Kent,* 78 Ala. 602. The description was sufficient.—Sec. 370, Code 1876; *Smith v. Cox,* 158 Ala. 509; *Driggers v. Cassidy,* 71 Ala. 534. It was not necessary to offer to surrender the quitclaim deed.—2 Storey's Eq. sec. 696; 1 Pom. sec. 386.

McCLELLAN, J.—The bill as originally filed by the appellee against appellant was strictly within the statutes to quiet title.—Code 1907, § 5443 et seq. Latterly an amendment was properly allowed (*Interstate Ass'n v. Stocks,* 124 Ala. 110, 27 South. 506) adding averments leading to relief from an alleged void mortgage, which constituted respondent's claim to the property. The respondent's claim to an incumbrance on the land is based on an alleged tax title thereto. The assertion of this tax title to the complainant and the expression of the purpose to enforce it afforded the consideration for his execution of the mortgage. In *Crawford v. Engram,* 157 Ala. 314, 47 South. 712, this court recently held, following previous adjudications, that unless the claim asserted, and inducing the agreement or action of the adverse (to the claimant) party, possessed some reasonable ground for existence, a promise so induced was void. This doctrine was invoked by complainant; and the chancellor, applying it to the respondent's asserted tax title, ruled that the claim was without the pale of the definition stated, and was valueless to sustain, as a consideration, the mortgage executed by complainant.

The assessment of the property to which respondent's title must be traced was of the property here involved, and was against "Jacob Mitchell." At the time this assessment was made, in 1885, complainant, the undisputed evidence shows, was in possession and living upon the land. This alone made the assessment void. In *Crook v. Anniston Land Co.*, 93 Ala. 6, 9 South. 425, it was said: "Where the owner is known, or by proper inquiry or search can be ascertained, the revenue laws require the property to be assessed to him." After adverting to previously existing and more lax statutory requirements in that regard, and declaring that even under that system an assessment to unknown owner, or to a stranger, when the true owner was in possession, was fatal to a sale consequent upon such an assessment, the court held that under later statutes the assessment to the owner was more imperative than formerly. It does not appear that any such person as "Jacob Mitchell" ever had or asserted any right, title, or claim to this property, or had ever been in possession thereof. It is hardly necessary to add that a claim based on an assessment so patently invalid could not afford a reasonable ground for controversy. Besides, it was shown with reasonable certainty that complainant paid the taxes on the property for the year in question, thereby extinguishing any demand therefor by the state, and hence rendering the tax sale on which respondent relies utterly void.—*Pickler v. State*, 149 Ala. 669, 42 South. 1018.

The decree below is affirmed.

Affirmed.

Dowdell, C. J., and Anderson and Sayre, JJ., concur.