# Bank of Henry *v.* Elkins.

## *Bill to Quiet Title.*

(Decided Feb. 10, 1910. 51 South. 821.)

*Quieting Title; Pleading; Demurrer.*—Equity has jurisdiction independent of the statute to remove a specially described cloud upon the complainant's title where he is in possession, and where the evidence of the alleged cloud is not void on its face, and extrinsic evidence is necessary to show its invalidity, and a bill is not demurrable which invokes this equity jurisdiction because it fails to comply with the statutory requirement in averment as to peaceable possession and the absence of the pendency of a suit to test the validity of the title, claim, etc.

APPEAL from Henry Chancery Court.

Heard before Hon. L. D. GARDNER.

[Bank of Henry v. Elkins.]

Bill by S. A. Elkins, against the Bank of Henry, to quiet title to certain lands. From a decree overruling demurrer to the bill, the respondent appeals. Affirmed.

Espy & Farmer, for appellant. The decree of the chancellor overruling the demurrers to the bill should be reversed.—Sec. 5443, et seq. 447, 142 Ala. Ala. 486; 142 Ala. 490.

P. A. McDaniel, for appellee. Under the allegations of the bill the mortgage is void, and this court has power to remove same as a cloud upon title.—*Richardson v. Stephens,* 122 Ala. 301; *McNeil v. Davis,* 105 Ala. 657.

McCLELLAN, J.—Independent of our statute for the quieting of titles and the determination of claims to real estate (Code, § 5443 et seq.), courts of equity have jurisdiction to cancel and remove a specially described cloud upon the complainant's title, when the owner is in possession, and when the evidence of the alleged cloud is not void on its face, and extrinsic evidence is necessary to show its invalidity.—4 Pomeroy, Eq. § 1399, and notes thereto; *Jones v. De Graffenreid,* 60 Ala. 145; *Daniel v. Stewart,* 55 Ala. 278; *Plant v. Barclay,* 56 Ala. 561.

The bill in the cause at bar invokes the stated jurisdiction of equity. It is not a bill seeking the benefit of the statutory system provided for in the before-cited statutes. In the third paragraph of the bill it is averred that complainant was, when the bill was filed, the owner and in possession of the lands sought to be relieved of the described cloud. The lands are definitely designated by reference, in that paragraph, to Exhibit A to the bill, viz., a deed to complainant of a specified date. Had the bill been an effort to avail of the statutory sys-

[Smith v. City of Opelika.]

tem mentioned, then, of course, observation of the statutory requirement would have been essential, such as averments of peaceable possession, and that there was no suit pending to enforce or test the validity of the title, claim, etc.

The demurrer was properly overruled.     The decree is affirmed.

Affirmed.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.