[King Lumber Co., et al. v. Spragner, et al.]

# King Lumber Co., *et al. v.* Spragner, *et al.*

*Bill to Remove Cloud From Title.*

(Decided May 16, 1912.   58 South. 920.)

1. *Quieting Title; Ground.*—Equity has jurisdiction to cancel and remove a cloud on title, independent of the statute for quieting title, where a party is in possesison, and extrinsic evidence is necessary to show invalidity of the instrument claimed to be a cloud; and where there is a mortgage and secured note given for work to be done, and the consideration has failed because of the work not having been done, a bill will lie to cancel such mortgage.

2. *Same; Possession.*—Where no one is in the actual possession, the possession drawn by the legal title gives the right to bring an action to remove cloud on title.

3. *Same; Parties.*—A wife who joins with her husband in signing notes and mortgages on his land, though she may have done so only to relinquish her marital rights in the property, is a proper, if not necessary. party to an action to cancel them as a cloud on title, and hence, it is not error to grant relief to both such complainants.

4. *Same; Decree for One Complainant.*—Section 3212, Code 1907, authorizes a decree in favor of one or many of several complainants, and a decree in favor of the husband alone in a bill by the husband and wife to remove a cloud on title is not on that account invalid as against the respondent.

5. *Same; Pleading; Negotiable Instrument.*—In a bill to remove as cloud on title, a mortgage and secured notes in the hands of others than the mortgagee, because of a failure of consideration, it is not necessary to allege wherein the notes were not negotiable; for if they are negotiable and respondents are bona fide purchasers, this is defensive matter.

6. *Mortgages; Failure of Consideration.*—Where the consideration entering into the mortgage and the secured note fails, the mortgage ceases to be an enforceable security, although originally supported by an adequate consideration.

7. *Appeal and Error; Review; Parties Entitled to Allege.*—Where a decree removing cloud on title was rendered against one respondent alone, and only he appeals, he cannot complain of the overruling of his demurrer asserting that the bill did not sufficiently describe the other respondent.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by M. Spragner and others against the King Lumber Company and others to remove cloud from title. Decree for complainants, and respondent King appeals. Affirmed.

The bill alleges that Spragner and his wife owned certain lots, which are described, situated in East Birmingham; that in 1905 they executed a mortgage on the property to one John W. Cash, to secure the payment of 32 promissory notes, given for material and building of a house on said property; that complainants paid Cash $60 on the contract, and the notes aggregated $400; and that soon after the execution of the mortgage and notes Cash transferred them to the King Lumber Company. The bill then alleges that neither Cash nor any one else has ever furnished any material for or constructed any house on said lot as contracted for, and that the note and mortgage was without consideration and void, in that nothing has ever been done towards carrying out the contract in consideration of which said notes and mortgage were given. It is then averred that Cash is dead, and that respondents now claim to own the notes and mortgages, and are threatening to foreclose. The notes and mortgages, or a copy thereof, are set forth as an exhibit. The prayer is that the note and mortgages be removed as a cloud on complainant's title, and that they be called in and annulled.

Z. T. RUDOLPH, for appellant. The bill should be dismissed because it seeks additional relief to the determination of title, and the proper remedy was against John W. Cash, or his estate to specifically enforce the contract.—*Interstate Co. v. Stocks,* 124 Ala. 111; *Interstate v. Agricola,* 124 Ala. 474. The bill should allege that no suit is pending to test the validity of the title.

—*Parker v. Boutwell,* 119 Ala. 297. There was no right of action in Annie Spragner, and she was improperly joined as a co-complainant.—*McGeehee v. Lehman,* 65 Ala. 316; *Williams v. Spragins,* 102 Ala. 424; *Davis v. Williams,* 130 Ala. 539; *Tate v. American Co.,* 132 Ala. 193. No possession is shown or alleged in complainant, and this was fatal to the bill.—Secs. 5443, Code 1907; *Foy v. Barr,* 145 Ala. 244; *Brand v. U. S. Car Co.,* 128 Ala. 580.

ESTES, JONES & WELCH, for appellee. Where consideration has failed the mortgage ceases to be an enforceable security, although originally supported by adequate consideration.—*Sheets v. Scott,* 133 Ala. 642; 27 Cyc. 1055. If the notes were negotiable, and in the hands of a bona fide purchaser, then that was defensive matter, and need not be alleged in the bill. Equity has jurisdiction independent of the statute to remove a cloud on title where complainant is in possession, and extrinsic evidence is necessary to show the invalidity of the conveyance, and it is not necessary to allege peaceable possession or the absence of a pending suit. —*Bunk v. Adkins,* 165 Ala. 628; *Jones v. deGraffenried,* 60 Ala. 145; 4 Pom. Eq. sec. 1399, and note. The legal title was in complainants, and this draws the possession where no one else is in actual possession.—*Marks v. Wilson,* 115 Ala. 561. Annie Spragner was a proper, if not a necessary party, and even if she were not, the question should have been raised in the lower court.— *Lehman, et al. v. Greenhut,* 88 Ala. 478. A decree may be granted in favor of one only of several complainants. —Sec. 3212, Code 1907.

ANDERSON, J.—"Independent of our statute for the quieting of titles and the determination of claims

to real estate (Code, § 5443 et seq.) courts of equity have jurisdiction to cancel and remove a specially described cloud upon the complainant's title, when the owner is in possession, and when the evidence of the alleged cloud is not void on its face, and extrinsic evidence is necessary to show its invalidity."—Pomeroy's Eq. § 1399; *Jones v. deGraffenreid,* 69 Ala. 145; *Daniel v. Stewart,* 55 Ala. 278; *Plant v. Barclay,* 56 Ala. 561; *Bank v. Elkins,* 165 Ala. 628, 51 South. 821. We think that the present bill contains equity and conforms to the above-quoted rule. It is not a bill under the statute, and did not have to contain the averments pointed out by the respondents' demurrer, and which said demurrer was properly overruled.

A mortgage, originally supported by an adequate consideration, ceases to be an enforceable security when the consideration fails.—27 Cyc. 1055. The bill avers, and the proof shows, an utter failure of consideration; that is, a failure by the mortgagee to build the house, and for which the mortgage and notes were given.

We also think that the proof shows the possession of the complainants when the bill was filed. There was no possessio pedis of the lots and the possession therefore followed the legal title which was in the complainants.

Nor was the bill bad for failing to show wherein the notes were not negotiable. Moreover, if the notes were negotiable and the respondents were bona fide purchasers, this was defensive matter, but which fact did not exist as the notes are not only not negotiable, but the respondents knew the consideration for which they were given when acquiring same from the mortgagee Cash.

The wife signed the notes and mortgage, and, although she may have done so only to relinquish her marital rights to the property, still she was a proper,

if not necessary, party, and the chancellor did not err in granting the "complainants" relief.  On the other hand, if the decree was in favor of the husband only, and did not include the wife, the decree was valid, as the chancellor could grant relief to one complainant, and not to the other under the terms of section 3212 of the Code of 1907.

A decree was rendered against S. P. King only, and who is the only appellant, and he can take nothing by the overruling of his demurrer making the point that the King Lumber Company was not sufficiently described.

The decree of the chancery court is affirmed.

Affirmed.  All the Justices concur.