(78 South. 55)

JOINER v. GLOVER. (4 Div. 765.)

(Supreme Court of Alabama. Feb. 14, 1918.)

1. QUIETING TITLE ⊙⇒50 — REMOVAL OF CLOUD ON TITLE—JURISDICTION OF EQUITY —STATUTES.

On a statutory bill to quiet and determine title, filed under Code 1907, § 5443 et seq., relief may be granted by canceling deeds or conveyances as clouds on title incidentally to complete relief, but the statutes do not take away the jurisdiction of equity to remove cloud from title which equity had prior to their passage.

2. QUIETING TITLE ⊙⇒42 — AMENDMENT OF BILL—RELIEF FROM VOID MORTGAGE.

Where the bill was originally filed as a bill to quiet title strictly under the statutes (Code 1907, § 5443 et seq.), it may be amended by adding averments seeking relief from an alleged void mortgage constituting respondent's claim to the property.

3. QUIETING TITLE ⊙⇒35(3) — REMOVAL OF CLOUD ON TITLE—EQUITY OF BILL.

Bill *held* to contain equity as one to remove cloud from title, and as such not subject to any ground of demurrer interposed, though,

in alleging facts to show his possession, complainant followed the language used in Code 1907, § 5443 et seq., giving the statutory action to quiet title.

Appeal from Circuit Court, Pike County; T. L. Borum, Special Judge.

Bill by J. A. Joiner against J. W. Glover to remove cloud from title. From decree sustaining demurrer, complainant appeals. Reversed, rendered, and remanded.

The bill alleges that Joiner was the owner and in the actual peaceable possession of certain described lands, and has been in possession of the same for more than 10 years, and that Glover is reputed to claim, or claims, some interest in said land, and that no suit was pending to test the validity of such claim or title, or to enforce the same; that said lands belonged to one Mary McCaskell on March 15, 1900, when she signed a deed or instrument, marked Exhibit A (this deed conveys the lands of one W. F. Davis upon the death of grantee, and her sister Margaret McCaskell, and if said Davis die, leaving no bodily heirs, then this land is to go to J. A. Joiner and his heirs). Complainant avers that, although said instrument was signed by Mary McCaskell, she never did in fact deliver same to the grantee named therein. The bill goes on to allege that it was mutually agreed between Mary McCaskell and Davis that the title should not pass until her death, and then only upon condition that Davis would support her and take care of her during the remainder of her natural life, and it is averred that said Davis wholly failed and refused to carry out his said contract from the beginning. It is further averred that on December 14, 1906, said Mary McCaskell made and filed for record an affidavit marked "Exhibit B," which was duly filed and recorded, in which she set out the deed referred to in Exhibit A, and on oath affirmed that said Davis had wholly failed and refused to carry out his said agreement, and had never paid the consideration of $75 set forth in the deed, that the deed was never delivered to said Davis, and that J. A. Joiner has full and complete control of said premises, as long as affiant shall live, and as long as Joiner continued to care for and support her. It is further averred that on November 17, 1906, said Mary McCaskell executed, signed, and delivered to complainant a warranty deed for said land, conditioned that he support and care for her all her natural life which contract he has fully and faithfully performed, and did fully perform until Mary McCaskell died. It is further alleged that J. W. Glover is now asserting some claim or title as the assignee of said W. F. Davis, under the deed to Davis set out as Exhibit A.

J. A. Carnley, of Enterprise, for appellant. C. C. Brannen and John H. Wilkerson, both of Troy, for appellee.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MAYFIELD, J. [1] The bill is one to remove cloud from title to land. The bill in some of its stating parts, however, does follow the language used in the statutes (Code, § 5444 et seq.) to quiet and determine title; and this probably misled the trial judge into treating it purely as a statutory bill to quiet and determine title. It is very true that under a statutory bill filed under these statutes, relief may be granted by canceling deeds or conveyances as clouds on title, as incident to complete relief; but the statutes do not take away the jurisdiction of equity, to remove cloud from title, which equity had prior to their passage. It has been held by this court that our statute to quiet title is remedial, and that a statutory bill may be amended so as to afford relief by way of removing cloud from title.

[2] Where the bill was originally filed as a bill to quiet title strictly under the statute, ·it may be amended by adding averments seeking relief from an alleged void mortgage constituting respondent's claim to the property. State Land Co. v. Mitchell, 162 Ala. 469, 50 South. 117.

"The scope and prayer of the bill was properly extended by amendment so as to cancel a cloud on title, and the amended bill was in all things sufficient to support the prayer for relief, and the decree which was rendered." Smith v. Gordon, 136 Ala. 497, 34 South. 838; Fowler v. Alabama Iron & Steel Co., 154 Ala. 497, 45 South. 637; Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528.

"Independent of our statute for the quieting of titles and the determination of claims to real estate (Code, § 5443 et seq.), courts of equity have jurisdiction to cancel and remove a specially described cloud upon the complainant's title, when the owner is in possession, and when the evidence of the alleged cloud is not void on its face, and extrinsic evidence is necessary to show its invalidity." Pom. Eq. 1399; Chambers v. Ringstaff, 69 Ala. 145; Daniel v. Stewart, 55 Ala. 278; Plant v. Barclay, 56 Ala. 561; Bank of Henry v. Elkins, 165 Ala. 628, 51 South. 821; King Lumber Co. v. Spranger, 176 Ala. 566, 58 South. 920.

"The rule is well established that a court of equity will not entertain a bill to remove a cloud from the title to land in favor of a person asserting a legal right when he is not in possession, unless he shows some special equity; that is, some obstacle or impediment which would prevent or embarrass the assertion of his rights at law." 3 Mayf. Dig. 197.

In alleging facts to show possession on the the part of complainant he followed the language used in the statute, and this, no doubt, led the trial judge to treat the bill primarily as one to quiet and determine title, and to hold it defective in not seeking to have the defendant state the nature and character of his claim or title.

The theory of the bill is that the respondent has no title, but that an instrument has been recorded which purports to carry title, and therefore constitutes a cloud on complainant's title, and the bill seeks to have the cloud removed by a court of equity; that the instrument sought to be canceled as a cloud is void, in that it was never fully executed by the grantor; that is, that it was never delivered. There are some allegations in the bill, as to a recited payment of a money consideration; and other allegations, to the effect that such was not paid, and that the real consideration was that the grantee would support and maintain the grantor; but these averments do not affect the equity of the whole bill. It is true that complainant may encounter trouble when it comes to the proof of these allegations if he should seek to thus vary the consideration by parol proof; such as was pointed out by this court in the case of Ohmer v. Boyer, 89 Ala. 273, 7 South. 663. The difficulty will be one of proof and not of pleading.

[3] The bill on its face contains equity, as one to remove cloud from title, and as such was not subject to any ground of demurrer. interposed. The decree sustaining the demurrer is reversed; and a decree is here rendered overruling the demurrer.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.