## LEWIS v. BURCH.    (6 Div. 635.)

(Supreme Court of Alabama. May 27, 1926. Rehearing Denied June 17, 1926.) ·

**1. Landlord and tenant ⬤➡61.**

As to tenant, title of landlord who put her in possession *held* conclusively good.

**2. Taxation ⬤➡734(3) — Where occupant of certain premises knew that plaintiff was owner, but had assessment made in name of her husband, sale for taxes under such assessment held not to pass plaintiff's title.**

Where occupant of certain premises knew that plaintiff was owner, and that his name could be ascertained on proper inquiry, but had assessment made in name of her husband, who was not in possession, sale for taxes under such assessment *held* not to pass plaintiff's title, since assessment was invalid, and without legal assessment jurisdiction for condemnation of land for taxes does not attach.

**3. Taxation ⬤➡338.**

Where owner is known, or by proper inquiry can be ascertained, property must be assessed to him.

**4. Landlord and tenant ⬤➡67—Rights of purchaser of landlord's property from state which had bought it at unauthorized tax sale held not to authorize tenant to deny landlord's title (Code 1923, §§ 3099, 3102, 3109, 3119, 3126).**

Rights, under Code 1923, §§ 3099, 3102, 3109, 3119, 3126, of purchaser of landlord's property from state, which acquired it at unauthorized tax sale *held* not to authorize tenant to deny landlord's title under rule applicable when landlord's title has expired or become extinguished since beginning of tenancy.

**5. Landlord and tenant ⬤➡67.**

Tenant cannot acquire title of landlord at tax sale.

**6. Municipal corporations ⬤➡582 — Deeds of city reciting that it had previously purchased property at tax sale held not sufficient alone to show extinguishment of prior owner's title.**

Deeds of city reciting that it had previously purchased property at sale for local improvement *held* not sufficient alone to show extinguishment of prior owner's title.

**7. Appeal and error ⬤➡1175(7).**

Where judgment of court sitting without jury is reversed, final judgment will generally be rendered.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by H. L. Lewis against Mary Burch. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and rendered.

W. T. Edwards, of Birmingham, for appellant.

A tenant, cannot, during the term of the lease, purchase at a tax sale, and assert the title so acquired against his lessor. Bailey v. Campbell, 82 Ala. 342, 2 So. 646. A tenant may show that the landlord's title has terminated by voluntary conveyance or judicial proceedings; but the tenant, setting up transfer of landlord's title, must show a legal transfer. A sale of the landlord's property under an assessment, made not against him, but against a third person, is void as to the landlord. Oliver v. Robinson, 58 Ala. 46; Jackson v. King, 82 Ala. 432, 3 So. 232; Crook v. Land Co., 93 Ala. 4, 9 So. 425; State Land Co. v. Mitchell, 162 Ala. 469, 50 So. 117; Singleton v. Smith, 184 Ala. 199, 63 So. 949.

Estes & Smithson, of Bessemer, for appellee.

The landlord's title being extinguished, he is no longer entitled to rents. Sadler v. Jefferson, 143 Ala. 669, 39 So. 380; Mills v. Clayton, 73 Ala. 359; Houston v. Farris, 71 Ala. 570. The tenant, being sued, can defend on the ground of extinguishment of title. English v. Key, 39 Ala. 113; Martin v. Searcy, 3 Stew. 50, 20 Am. Dec. 64.

GARDNER, J. Suit by appellant against appellee for recovery of rents. The cause was tried before the court without a jury, resulting in a judgment for defendant, from which plaintiff prosecutes this appeal.

[1] Defendant occupied the premises under lease contract duly executed January 4, 1922, to continue for a period of five years, and this suit is for the recovery of $35 due for the months of March and April, 1925. That plaintiff became the owner of the property by purchase at a mortgage foreclosure sale November 21, 1919, was without dispute. Moreover, as to defendant, plaintiff's tenant, "intrusted with possession on the faith of his fealty, the title must be taken as conclusively good, and not to be questioned." Houston v. Farris, 71 Ala. 570; Sadler v. Jefferson, 143 Ala. 669, 39 So. 380;

English v. Key, 39 Ala. 113; Hammond v. Blue, 132 Ala. 337, 31 So. 357.

[2] The general rule of estoppel against the tenant from a denial of the landlord's title is conceded, but effort is made to bring the case within the well-known exception thereto, as "where the 'landlord's title has expired or been extinguished, either by operation of law, or his own act, after the creation of the tenancy.'" Sadler v. Jefferson, supra. To this end, defendant attempted to show that plaintiff's title had been extinguished by sale of the premises for taxes, wherein the property was bought in by the state and subsequently sold by the state to one Wilson. The assessment, the foundation of these tax proceedings, was made by defendant in October, 1920, in the name of her husband, Sanford Burch, who at the time was living in Chicago, and whose place of residence since 1921 seems to be unknown to defendant. But, confessedly, plaintiff, and not Sanford Burch, was the owner when the property was so assessed, nor was Sanford Burch in possession.

[3] "A legal assessment is the initial step in tax proceedings, and is the foundation of the proceedings in the probate court for the condemnation of the land to the payment of delinquent taxes, without which jurisdiction does not attach. * * * When the owner is known, or by proper inquiry or search can be ascertained, the revenue laws require the property to be assessed to him." Crook v. Anniston City Land Co., 93 Ala. 4, 9 So. 425; Carlisle v. Watts, 78 Ala. 486; State Land Co. v. Mitchell, 162 Ala. 469, 50 So. 117; Singleton v. Smith, 184 Ala. 199, 63 So. 949.

Defendant, who, it seems, was occupying the premises at that time (though as whose tenant is not made clearly to appear), knew that plaintiff was the purchaser of the property at the foreclosure sale, and that plaintiff's name could have been readily ascertained upon proper inquiry clearly appears. The assessment being invalid, the sale thereunder was ineffectual to pass plaintiff's title. Authorities, supra.

[4] Counsel for appellee seem to insist that, whether the sale was effectual for this purpose or not, the purchaser from the state acquired certain rights under our statutory system (sections 3099, 3109, 3119, 3102, 3126, Code of 1923), but a consideration of these matters would not bring the case within the rule of exception referred to above, which requires the defendant to show that, since the tenancy, the title of the plaintiff landlord has expired or become extinguished either voluntarily or by operation of law.

[5] This insistence overlooks entirely the effect of the relationship of landlord and tenant, which, under our decisions, denies to the tenant the right to acquire title of the landlord at a tax sale. Bailey v. Campbell, 82 Ala. 342, 2 So. 646; Jackson v. King, 82 Ala. 432, 3 So. 232. Manifestly, if defendant, as tenant, by virtue of such relationship, could not have acquired the title as purchaser at a tax sale, she could not defend this suit for rent upon a consideration of any advantage as purchaser at such sale acquired.

[6] There is nothing in the record to show the foundation of the proceedings for sale of the property by the city of Birmingham for local assessment improvements, but only deeds of the city to said Wilson, reciting that the city had previously purchased the property at such sale. Clearly these deeds alone were not sufficient to show an extinguishment of plaintiff's title.

It results that in our opinion the attempted defense has not been established. That the sum of $35, rent sued for, is due is clearly established, and it was agreed that the sum of $35 was a proper sum to allow plaintiff as attorney's fee in case of recovery; the lease contract so providing.

[7] The case was tried before the court without a jury, and we see no occasion to deviate from the general rule by failing to render a final judgment here. It results, therefore, that the judgment of the court below will be reversed, and one here rendered in favor of the plaintiff against defendant for the sum above indicated, with interest.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.