(125 So. 635)
**JONES et al. v. LACEY.**   (6 Div. 448.)

Supreme Court of Alabama.   Jan. 16, 1930.

Wilkinson & Burton, of Birmingham, for appellants.

J. Wiley Logan and W. A. Weaver, both of Birmingham, for appellee.

ANDERSON, C. J. ■■ In order to pass intelligently upon this case, the bill should set out to whom the property was assessed for local improvements, as provided by sections 2191 and 2192 of the Code of 1923. From aught appearing, it was assessed upon the book to the complainant or the class to which he belongs and represented by him, and, if such was the case, they would be bound thereby. Grant v. Birmingham, 210 Ala. 239, 97 So. 731. The bill does aver that no notice was served ón the complainant or relatives of deceased persons buried in said lot, but this is no charge that the assessment was not made and the notice given by publication as required by the statute. In other words, the bill does not make a proper showing that the complainant was not bound by the assessment, and which is essential to its equity, and the trial court erred for this reason in not sustaining the demurrer to the bill.

■ As we understand, the bill does not proceed under the statute to quiet title, for, if it did, it would be defective, as pointed out by appellants' counsel, but it seeks, independent of the statute, to cancel the deed by those in possession and who must rely upon extrinsic evidence to show the invalidity of the assessment and sale. Independent of the statute for the quieting of titles and the determination of claims to real estate, courts of equity have jurisdiction to cancel and remove a specially described cloud on complainant's title when the owner is in possession and the evidence of the alleged cloud is not void on its face and extrinsic evidence is necessary to show its validity. Bank of Henry v. Elkins, 165 Ala. 628, 51 So. 821; Joiner v. Glover, 201 Ala. 279, 78 So. 55; Frazier v. Frazier, 211 Ala. 176, 100 So. 118; King Lumber Co. v. Spragner, 176 Ala. 564, 58 So. 920. The bill avers such possession by the complainant and the public generally as to which the land described is susceptible, and it will require extrinsic evidence to show that it was not subject to the assessment for street improvements.

While, as above pointed out, the complainant may be estopped from setting up the invalidity of the assessment under which the sale was made, it is perhaps well enough to decide the question as to the liability vel non of the property as described in the bill for street improvements, not only for the future as to this case, but as to all cemeteries of a similar nature.

Section 91 of the Constitution of 1901 forbids the taxation of cemeteries, but, as pointed out in the case of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45, this did not necessarily exempt the property from liability for special improvements. Nor can we say that the same presumption as to the exemption of cemeteries as was indulged in in said case as to property owned by the state and counties exists. It must be noted, however, that our lawmakers have shown a veneration for the resting place of the dead by the enactment of section 7885 of the Code of 1923, by exempting the burial lot, set apart or used by any resident as a burial place for himself or family, not only from sale under execution, but other process, and which would include a sale to enforce the lien for public improvements. This sanctity for the home of our dead was handed down to us by the patriarchs of old. "And when Jacob had made an end of commanding his sons, he gathered up his feet into his bed and yielded up the ghost and was gathered unto his people. * * * And his sons did unto him according as he commanded them. For his sons carried him into the land of Canaan, and buried him in the cave of the field Machpella, which Abraham bought with the field for a possession of a burying place of Ephron the Hittite, before Marme."

■■ We think this statute is broad enough to exempt from sale, under any legal process, any lot or place wherein is buried any resident or the member of his family, and the bill avers that "practically all of said plot of ground has been used for the purpose aforesaid" (that is, for the burial of the dead) for over sixty years, free of charge. As the law exempts such a place from sale under process, and as we have heretofore held that the only method of collecting this assessment for street improvements is by a proceeding in rem, Huntsville v. Madison County, supra, the property must of necessity be exempt from such an assessment. This holding must be confined to the case in hand; that is, a free public cemetery wherein the space is practically filled up with the graves of the dead and the enforcement of the assessment lien would involve a sale óf the space occupied by a grave or graves. We intend no expression as to a result in case of a cemetery operated for the sale of lots for profits which may have lots on the market for sale and which may not have been acquired and used for burial purposes.

For the error above pointed out, the decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.