142 So.2d 660

**Horace L. LONG**

**v.**

**Frank M. LADD, Jr., et al.**

**1 Div. 797.**

Supreme Court of Alabama.

June 14, 1962.

D. R. Coley, Jr., Mobile, for appellant.

Johnston, McCall & Johnston and Pierre Pelham, Mobile, for appellees.

LIVINGSTON, Chief Justice.

The appeal is from a decree of the Circuit Court of Mobile County, Alabama, in Equity. As originally filed, the bill of complaint was, in effect, a bill to quiet title under Title 7, Sec. 1109 et seq., Code of 1940. The complainants in the court below are Frank M. Ladd, Jr., and John E. Ladd. The respondent in the court below, appellant here, is Horace L. Long.

The land involved is "Fractional Section 33," Township 1, South, Range 1 East, Mobile County, Alabama.

Demurrers to the original bill were overruled. The complainants then amended their bill seeking to remove a cloud on their title in the form of a deed to the respondent. Demurrers to the amended bill of complaint were overruled. The respondent then filed an answer and cross bill to the amended bill of complaint. The title to the land in question was traced from a government patent to one M. J. D. Baldwin (1841), and it is at this point that the cause of the instant suit started. The evidence tends to indicate that the land in question descended from M. J. D. Baldwin to his heirs by intestate's succession. Complainants' predecessors in title held under a recorded deed signed by eight grantors, the deed reciting that the grantors were the sole heirs of M. J. D. Baldwin. The deed was recorded in 1902 and conveyed the whole of "Fractional Section 33," containing fifty-eight (58) acres. The respondent's predecessors in title took under a deed from a grantor who the deed recited as being the administrator of the estate of one Gasper J. S. Cavallero, the next of kin of the sole heir of M. J. D. Baldwin. This deed was recorded in 1884 and conveyed the South Half of Section 33, containing 32 acres. It is this overlapping description that brings about the suit, the complainants having color of title to the whole of "Section 33," and the respondent having color of title to the "South Half of Sec. 33."

Complainants derived title by the will of their father in 1950. Respondent claims title in him by quitclaim deed from the Coffins in 1950.

The appellees in their brief base their right to recover on record title and adverse possession. The decree of the lower court was for complainants, and held, in effect, that the deed from the Coffins to respondent was a cloud upon complainants' title and was null and void.

All of the evidence and testimony was taken orally before the trial court.

The appellant argues three assignments of error: First, that the demurrers to the

bill of complaint as amended were erroneously overruled, pointing out an alleged departure from the bill as originally filed and as amended; second, that certain evidence, to be noted later, was erroneously introduced on behalf of the complainants; and, third, that the decree is contrary to the great weight of the evidence.

The evidence is voluminous and we will not undertake a detail discussion of it. It tended to show that complainants acquired title to the land in question by inheritance from their father in 1950, and that their father had acquired title to "Section 33" in 1936 and 1937, by deeds from Odile Thompson and Pauline Brue. The evidence tended to show that from 1937 up to the filing of this suit (1952), the father of complainants, and then the complainants, assessed and paid taxes on the land in question; they posted the boundaries with "No trespassing" signs with their names inscribed on the signs; that during this period from 1937 to 1952, complainants and their father built and maintained the road which ran through a portion of the South Half of Section 33; that they built a fence which ran parallel to the road; that they sold timber off the land in 1937, and that they employed a caretaker from 1937 to 1952 to look after the land; that they sold an easement to the Power Company across the North Corner of the land in 1952; and that complainants also hunted on the land.

The respondent's evidence tended to show that he also paid taxes on the land claimed by him; posted it, hunted on it; sold an easement to the Power Company; and he also claimed that he built a fence South of the road of complainant, but that it was torn down by parties unknown.

As noted above, respondent demurred to the amended bill of complaint on the ground that it was a departure from the original bill.

An amendment to a bill in equity does not depart from the original purpose of the bill if it seeks to adjudicate property rights, between the same parties, as the result of the same transaction though presenting different versions of fact and calling for application of different legal principles and molding of relief in different form.

It was held in Sloss-Sheffield Steel & Iron Co. v. Yancey, 201 Ala. 200, 77 So. 726, that a bill to quiet title brought under the statute, Sections 5443 and 5446, Code of 1907, now Section 1109 et seq. of Title 7, Code of 1940, could be converted into a bill to remove a cloud from title, and that the change was not such as to constitute a departure. See also Garrett v. First Nat. Bank of Montgomery, 233 Ala. 467, 172 So. 611; King v. McAnnally, 234 Ala. 479, 175 So. 546; Joiner v. Glover, 201 Ala. 279, 78 So. 55; Smith v. Gordon, 136 Ala. 495, 34 So. 838.

Sec. 1109 et seq., Title 7, Code of 1940, does not take away the jurisdiction of equity to remove a cloud from title which the equity courts had prior to the passage of the statute. Joiner v. Glover, supra; King Lumber Co. v. Spragner, 176 Ala. 564, 58 So. 920; May v. Granger, 224 Ala. 208, 139 So. 569.

Appellant also insists that the court erred in admitting into evidence the complaint, answer to the complaint, the amended complaint, and the judgment of the court of a prior trespass action between the father of the complainants and the appellant.

Admitting without deciding that this evidence was inadmissible, it is not reversible error because there is a presumption that the trial court did not consider any illegal, incompetent or irrelevant evidence. Sec. 372(1), Title 7, Code of 1940, Cum. Pocket Part.

The appellant argues that the decree of the lower court is contrary to the weight of the evidence.

The elements of title by adverse possession are (1) such possession as the land reasonably admits of, (2) openness and notoriety and exclusiveness of posses-

sion, (3) hostility toward everybody else in respect of possession, (4) holding possession under claim of right or claim of color of title, and (5) continuity for statutory period of ten years. Clanahan v. Morgan, 268 Ala. 71, 105 So.2d 429; Goodson v. Brothers, 111 Ala. 589, 20 So. 443.

All acts of a possessory nature committed by the adverse claimant are to be considered collectively rather than independently in determining the sufficiency of his possession. Chastang v. Chastang, 141 Ala. 451, 37 So. 799; Clanahan v. Morgan, supra. Applying the above propositions of law to the evidence of this case, we entertain the view, considering the nature and character of the land, the possessory acts of complainants and their predecessors, the absence of sufficient possessory acts by the respondent or anyone else during the period from 1937 to 1952, the complainants have shown title by adverse possession. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Parrish v. Davis, 265 Ala. 522, 92 So.2d 897; Moorer v. Malone, 248 Ala. 76, 26 So.2d 558; W. T. Smith Lumber Co. v. Cobb, 266 Ala. 146, 94 So.2d 763; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553.

It is true that these acts of possession by complainants did not extend over every portion of the area involved, but one who adversely possesses a part of a tract of land and has color of title to the whole tract, gains possession of all the land provided no one else in in possession. Alabama State Land Co. v. Matthews, 168 Ala. 200, 53 So. 174; McMillan v. Aiken, 182 Ala. 303, 62 So. 519. The complainants had color of title to all of "Section 33," and by adversely possessing said land for the statutory period of ten years, all of "Section 33" vests in them. Sec. 828, Title 7, Code of 1940.

We have examined the evidence carefully, and it is our opinion that the finding of the trial court was not contrary to the great weight of the evidence and the decree will stand.

Other assignments of error not being argued are not considered. Supreme Court Rule 9(d), Title 7 Appendix; Smart v. Wambles, 271 Ala. 651, 127 So.2d 611.

We find no reversible error and the decree of the lower court is affirmed.

Affirmed.

LAWSON, MERRILL and COLEMAN, JJ., concur.