# FALKNER *vs.* THE JUDGE AND COMMISSIONERS OF RANDOLPH COUNTY.

1. When a county treasurer, who has instituted legal proceedings against the clerk of the county for certain demands due from him to the county, fails in his suit, and judgment is rendered against him for the costs, the costs of the suit are not an ascertained or established claim against the county in favor of any person.
2. The Commissioners' Court cannot be compelled, by *mandamus* from the Circuit Court, to make an appropriation for the payment of claims against the county, before they have been audited and allowed.

Error to the Circuit Court of Randolph.   Tried before the Hon. John J. Woodward.

Falkner, for plaintiff in error:

Where it is the duty of the Commissioners' Court to make an appropriation out of the county treasury and they refuse to do so on application, the only remedy is by *mandamus.*—See

Cuthbert v. Lewis, 6 Ala. 262; Boone v. Todd, 3 Missouri, 140; Tarver v. Comm'rs Court, 17 Ala. 527.

The verdict of the jury and judgment of the Circuit Court in the original case, (which is admitted by the demurrer,) ascertains the amount due the plaintiff, and leaves the Commissioners' Court no discretion, and consequently they have no just ground for refusing the appropriation.—See Case et al. v. Collins et al., 19 Wend. 56; State v. Mahew, &c., 2 Gill, 487; Bright v. Supervisors of Chenango, 18 Johns. 247; Hall v. Supervisors of Oneida, 19 ib. 259.

The statute provides that it shall be the duty of the county treasurer, on or before the 1st Monday in November, to examine the clerk's records, &c. and to bring suit for moneys not paid over, &c.—See Clay's Dig. 578, § 15. In default, he is liable to pay not less than $100, and not more than $200.—See ib. 580, § 27.

To move against clerk failing to pay money—see ib. 146, § 23.

Commissioners' Court is required to audit and allow all claims legally chargeable.—Ib. 142, § 1.

No counsel for defendants.

PARSONS, J.—The plaintiff moved the judge and commissioners of Randolph county, sitting as a Commissioners' Court of roads and revenue, to make an appropriation for the payment to him of the sum certified by the jury in his favor, and also the costs of the suit; the court refused; and thereupon, by his petition stating the facts, he applied to the Circuit Court for a rule upon the judge and commissioners, to show cause why a *mandamus* should not be granted, to compel them to make the appropriation. The defendants demurred to the petition, and the Circuit Court sustained the demurrer, and the plaintiff now assigns that as error. The motion in the Commissioners' Court had not for its object the allowance of the plaintiff's claims; the court was not requested to audit and allow his claims, but to make an appropriation to pay the amounts. The motion was evidently made upon the supposition, that the claims were conclusively established, and that nothing more was necessary, except an appropriation and payment. It does not appear why the Commissioners' Court refused the motion, but we think there

Falkner v. The Judge & Comm'rs of Randolph Co.

was a sufficient reason for doing so, and we will presume that the Commissioners' Court acted on it.

The treasurer of that county had instituted a suit or legal proceeding in the Circuit Court, against the plaintiff, as the former clerk of the County Court, to recover certain demands against him, in favor of the county.  But the treasurer failed in his suit, and the jury certified the sum of $39 70-100 in favor of the defendant in that suit, who is the plaintiff in error, and he also recovered a judgment against. the treasurer for the costs, but the Circuit Court refused to render judgment for the sum certified by the jury, for some reason which does not appear. The sum certified and the costs, however, were the two claims presented to the Commissioners' Court by the plaintiff in error, who requested an appropriation, which was refused.  It does not appear for what or why the jury certified the sum mentioned ; nor does it appear that there was any plea or notice of set-off.  We must presume the Circuit Court thus rejected the certificate for some sufficient reason, as nothing to the contrary appears.  Perhaps the jury, under the issues joined, (and it does not appear what they were) had no right to do so.  That part of their verdict, unsanctioned, as it is, by the court, is a mere nullity, and it is legal evidence of nothing.  If the plaintiff had presented his claims, which he probably proved to the jury, to the Commissioners' Court, to be allowed as claims against the county, which properly precedes an order of appropriation, the allowance might have been made.

His other claim is the amount he recovered as costs in the suit.  By one of the acts, (Clay's Dig. 578, § 15,) the sense of which is somewhat obscure in consequence of an error in the punctuation, the county treasurers are authorized to bring suits for all debts or demands in favor of their counties ; and it is clear from the acts, that in proper cases it is their duty to do so. In his suit against the plaintiff in error the treasurer failed, and the plaintiff in error recovered judgment against him for the costs.  But it does not appear whether the costs were so recovered against the treasurer individually, or were to be levied of the goods, &c. of the county.  Without deciding that a judgment could legally be rendered in the latter form, it is sufficient to say, that it does not appear by the record before us that it was so rendered.  Taking it, therefore, as a judgment against

the treasurer individually, it may be very proper for the county to pay him the amount which he may pay in discharge of it. But it also may be very just and proper for the county to withhold every indemnity, as if he brought the suit maliciously, and without probable cause. Therefore, the costs were not an ascertained or established claim against the county, in favor of any person. The commissioners were not bound to make the appropriation, without being called on first to audit and allow it.

By another act (Clay's Dig. 142, § 1,) the judge of the county and commissioners are required to audit and allow on due proof, all accounts and demands legally chargeable upon their respective counties, and the accounts so allowed are to be recorded by the clerk, and the claimant is to receive a warrant on the treasurer, signed by the clerk, for the amount so allowed, and the clerk is to number the warrant, &c.

Another act, (Clay's Dig. 578,) provides that it shall be the duty of the county treasurers to register all the authenticated claims which may be presented against their counties, designating the date of the claims, and the date of filing the same, (which shall also be endorsed on the claim,) the name, number and amount, also in whose favor the same is, which shall be numbered and registered in the order in which they are received, *and paid accordingly, and not otherwise.* It is first in order to audit and allow, and afterwards to pay, or to make an appropriation to pay. As the Commissioners' Court was called on to do the last first, it had a right to refuse.

The judgment is affirmed.