G. K. ZEIGLER *et al.*

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa January 19, 1897.*

1. TAXES—*tax list need not give name of property owner.* Under sections 58 and 191 of the Revenue act (Rev. Stat. 1874, pp. 868, 890,) the failure of the advertised tax list to contain the name of the owner of property is not available as a defense to the collector's application for an order of sale for the tax.

2. SAME—*an unlimited appearance waives defects in the notice of sale.* General appearance of a property owner on the application for judgment of sale waives all defects in the collector's notice of sale.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

This appeal was taken from the county court of Cook county on a judgment of sale entered August 10, 1896, against certain lots of appellants, upon the application of the county treasurer for a judgment for the amount due and unpaid on such lots upon special assessment warrant No. 17,260. The sole point relied upon in resisting the application for judgment was the fact that the names of the owners of the property were not given in the advertised list. The appellants appeared and objected, not particularly to the jurisdiction, but upon the merits, on July 15, 1896, and afterwards, on July 23, 1896, they obtained leave to file additional objections, under the second of which they then and now contest. Their appearance was not limited.

GEORGE H. TAYLOR, for appellants:

Where the notice is deficient the court has no jurisdiction to render judgment. *Pickering* v. *Lomax*, 120 Ill. 298.

The report and notice are the foundation of the whole proceeding, and without them the court would have no authority to enter judgment. *People ex rel.* v. *Dragstran*, 100 Ill. 286; *Spellman* v. *Curtenius*, 12 id. 413; *Pickett* v. *Hart-*

*sock,* 15 id. 282; *Morrill* v. *Swartz,* 39 id. 108; *Fox* v. *Turtle,* 55 id. 377.

Where the heading of the list did not conform to the statute it was held that the court had no jurisdiction, and its judgment was void. *Morgan* v. *Camp,* 16 Ill. 175.

If the owners point out an objection showing a failure to comply with the law, it is the duty of the collector to overcome the objection. *Durham* v. *People,* 67 Ill. 416.

JOHN D. ADAIR, for appellee:

By section 58 of the Revenue act an assessment is not illegal though the lands are not assessed in the owner's name. This provision also applies to special assessments. *People* v. *Green,* 158 Ill. 599.

The appellants cannot now assail the substantial justice of the assessment. *Lyle* v. *Jacques,* 101 Ill. 644.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

By the proviso to section 58 of the Revenue act it is declared "that no assessment of real property shall be considered as illegal by reason of the same not being listed or assessed in the name of the owners thereof." Section 191 of the same act further provides: "No assessment of property  * * *  shall be considered illegal  * * *  on account of the property having been charged or listed in the assessment or tax list without name, or in any other name than that of the rightful owner." These provisions were held applicable to special assessments in *People ex rel.* v. *Green,* 158 Ill. 594.

The appellants having appeared generally, and filed objections without in any manner limiting their appearance, and not confining it to objections to the jurisdiction, waived all defects in the notice, if any existed.

The objections were properly overruled, and the judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*