(125 So. 681)

ARMSTRONG, City Comptroller, et al. v. WILLIAMSON & WILSON et al.

(6 Div. 386.)

Supreme Court of Alabama. Jan. 16, 1930.

416

Wilkinson & Burton and Hollis O. Black, all of Birmingham, for appellants.

Lange, Simpson & Brantley, of Birmingham, for appellees.

GARDNER, J. Appellees, as owners of certain real estate in Birmingham, filed this bill against the city and its comptroller seeking injunctive relief against the enforcement of a lien thereon for street improvements. The appeal is from the decree overruling defendants' demurrers to the bill.

In the absence of averments to the contrary, it is to be assumed that the proceedings were in accord with the statutes as to municipal improvements and assessments thereunder (sections 2174-2236, Code 1923), and that the proceedings were regular. Grant v. City of Birmingham, 210 Ala. 239, 97 So. 731, 732.

While the bill avers complainants had no actual notice of the assessment, yet, construing the bill's averments most strongly against the pleader, it would appear as conceded that the publication provided by the statute was duly made. Section 2192, Code 1923. Personal notice is not required, and therefore is not essential, and the provisions of our statute as to assessment and notice by publication meet all requirements of the state and federal Constitutions.

The failure of complainants to appear and file objections is tantamount to a consent to the assessment (section 2196, Code 1923), and creates what is termed a "statutory estoppel." (Ex parte Gudenrath, 194 Ala. 568, 69 So. 629). And, as said in Grant v. City of Birmingham, supra, complainants "cannot bring this collateral attack against the adjudication already made by municipal authority. As we interpret its language, the gist of the complaint as set forth in the bill lies in the delay of more than two years from the completion of the improvements, and the levy of the assessment. But, confessedly, our statute fixes no limitation upon the municipal authorities in this respect, and the generally accepted rule is that, in such case, the municipality is vested with a discretion with which the courts do not interfere. 44 C. J.

p. 622; 25 R. C. L. p. 167; City of Auburn v. Paul, 113 Me. 207, 93 A. 289, Ann. Cas. 1917E, 136; Fairbanks v. Mayor, etc., of Fitchburg, 132 Mass. 42; Bradley v. Board of Works, etc., 3 Queen's Bench Div. 384.

Complainants, having purchased the property between the date of the completion of the improvements and the assessment, insist they should be protected by our registration statute, as the records of the probate office gave no notice of such lien. Sections 6884, 6881, 6860, 6887, Code of 1923.

It is sufficient answer to this insistence to note that the municipality in fixing these assessments is in the exercise of the taxing power (Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325), specifically provided for by the lawmaking body, and in such statutes no provision for such recordation appears; the municipal records being deemed sufficient for that purpose. We think also a mere reading of these Code provisions relied upon by appellees suffices to show that a record of such municipal assessment liens was not contemplated or embraced therein.

Our conclusion is that the bill is without equity, and that the demurrer should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN, and FOSTER, JJ., concur.