(128 So. 794)

## CARDWELL et al. v. CITY OF DOTHAN et al.
### 4 Div. 491.

Supreme Court of Alabama.
May 15, 1930.

Rehearing Denied June 19, 1930.

414

E. C. Boswell, of Geneva, for appellants.

T. E. Buntin, of Dothan, for appellees.

GARDNER, J.

Appellants, owners of certain lots in the city of Dothan, filed the bill in this cause seeking injunctive relief against the sale thereof by the city for enforcement of a paving assessment tax, upon the theory that such a sale was unauthorized and void and would constitute a cloud upon their title. Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210.

Upon consideration of the motion of the city to dissolve the temporary writ of injunction theretofore issued, a decree was entered dissolving the injunction, and from the decree complainants have prosecuted this appeal.

No averments to the contrary appearing, it is to be assumed the proceedings were in accord with the statutes, and were regular. C. E. Armstrong, Comptroller, v. Williamson & Wilson (Ala. Sup.) 125 So. 681.[1] But even more here appears, as the bill shows an appeal taken from the assessment to the circuit court and the validity thereof sustained and the amount due thereon fixed by the judgment of the court. Sections 2204–2210, Code 1923. That appeal, however, gives rise to this bill, for the insistence is that by virtue thereof and the judgment rendered in the circuit court, the city lost all right to proceed to a sale for the enforcement of its lien granted it under section 2217, Code 1923.

Complainants argue that all prior proceedings were merged in the circuit court judgment, and out of that court alone may process now issue for the enforcement of the city's lien, citing Bank of Mobile v. M. & O. R. R. Co., 69 Ala. 305; Cabaniss v. City of Huntsville, 217 Ala. 678, 117 So. 316, 320; Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325; City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405.

Under section 2201, Code 1923, the circuit court is given full jurisdiction for enforcement of such liens, which is therein declared to be "in addition to the method hereinafter provided for the collection of such assessments." The lien exists by virtue of the statute. "The law declares the lien upon the fixation of the assessment." Cabaniss v. City of Huntsville, supra.

Our authorities (with particular reference to Hood v. City of Bessemer; Cabaniss v. City of Huntsville, supra) are properly to be construed to the effect that on appeal the circuit court may declare the lien and enter an order for its enforcement, but the language of these cases does not indicate that such course must necessarily be pursued. The court on appeal may determine the validity of the proceedings and fix the amount due without provision for enforcement of the lien. It may be desirable, and so agreed by the litigants, as in fact appears to have been the case here, that the assessment be paid in ten annual installments, the collection of which would more properly belong to the city authorities. In such event, we find nothing in the statute or any principle of law which would forbid the court on appeal so limiting its judgment as to leave the enforcement of the lien with the city as provided by statute in the first instance. The power of

[1] 220 Ala. 415.

the circuit court to this end is therefore cumulative and not restrictive of that of the city. Of course, in such event, the enforcement of the lien is for the amount as fixed by the court on appeal, and there is nothing in the bill indicating an effort by the city to enforce for any other or different sum.

The provisions of section 2215, Code 1923, apply to causes appealed to the Supreme and not the circuit court. Payne v. Spragins, 207 Ala. 264, 92 So. 466.

In the instant case it appears that on appeal to the circuit court the validity of the proceedings was determined and the amount of assessment fixed to be paid in ten annual installments. The judgment was silent as to the lien and its enforcement. Under these circumstances, we think the city could petition that court for an order of sale, or proceed to a sale under the power granted by section 2217, Code 1923. This latter course the city has pursued. Our conclusion that in so proceeding the city was within its rights is in accord with the view of the learned chancellor as found in the opinion accompanying the decree, which appears in the report of the case.

So far as any question here involved is concerned, the applicable provisions of the Code of 1907 and 1923 are substantially the same, and we have cited those of the latter for convenience as did the trial court in his opinion.

It results that the bill was without equity, and the decree dissolving the injunction will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.