178 So. 226

### JEFFERSON COUNTY v. CITY OF BIRMINGHAM.

### 6 Div. 134.

Supreme Court of Alabama.

Jan. 13, 1938.

Ernest Matthews, of Birmingham, for appellant.

J. H. Willis, Clarence Mullins, and Harvey T. Deramus, all of Birmingham, for appellee.

**FOSTER, Justice.**

This is a suit at law seeking a personal judgment by the city of Birmingham against Jefferson county for the sums unpaid on certain municipal improvements, on account of the ownership by the county of adjoining property specially benefited by the improvements, as follows: Balance of $8,133.50 on account of the county alms house; $326 on account of the Hillman Hospital; $78.82 on account of a sewer right of way. Interest was added making a total of $11,276.15, for which a judgment was rendered, and the county has appealed.

The only questions argued by appellant relate to the power of the city to maintain this personal action, for street improvement assessments adjacent to the alms house and hospital.

It was agreed that the ordinances in proper form were passed by the city commission, and the assessments were correct in amount, but the right of the city to make the assessments was denied, as also the right of the city to a personal judgment.

This right is based on section 18 of the Act of August 20, 1915, pages 294, 299, entitled "An Act To further provide for the organization, government and regulation of cities which now have or which may hereafter have a population of as much as one hundred thousand people according to the last Federal census, or any such census which may hereafter be taken, and to further provide for and define the rights, powers, duties, procedure, jurisdiction and authority of such cities and of the officers, courts, and bodies thereof, and of the State and county officers, courts, bodies, boards and funds in relation to such cities and the officers and affairs thereof, and to prescribe penalties for the violation of this act," and section 18 of it is as follows: "Such cities shall have the power to assess any municipal or county property for the costs of street improvements and sewers, and the costs of such improvements may be bonded as in the case of private property, where such assessments are made against county property, the city shall not have power to sell such county property to satisfy the assessments, but the claim therefor shall be a preferred claim against the general revenues of the county and may be collected by an action at law in the nature of an action of debt without the necessity of filing any itemized or verified claim."

It will be noted this act has application to Birmingham. It changes the general rules relating to improvement assessments as so applicable in so far as county property is concerned, in that the claim for the amount of the assessment is given a preference in payment against the general revenues of the county for which an action at law in debt is also there provided, without the power to sell county property to satisfy it.

■ The general law otherwise pertaining to such improvement assessments is that they do not justify a personal judgment, but only serve to fix a lien on the property which is the only method of collecting the amount of the assessment. City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am.St.Rep. 45; City of Decatur v. Southern Ry. Co., 187 Ala. 364, 65 So. 536; Cardwell v. City of Dothan, 221 Ala. 412, 128 So. 794.

So that in this respect section 18, supra, is an innovation in the Alabama law applicable to such matters.

It is contended (1) that section 18 is void, because it is not germane to the subject expressed in the title, in violation of section 45, Constitution; and (2) because, if not so, it was repealed by the Act of September 10, 1927, p. 753; and (3) because, if not so, it is a tax on property of the county in violation of section 91, Constitution. (4) It is also claimed that interest should not be included because it is not chargeable against a county.

We will consider the contentions in the order as thus stated.

■ Does the inclusion in the Act of 1915 of section 18 violate section 45, Constitution? We have given the title of the act in full. It expresses the subject, which, in brief, is to provide further for the organization, government, and regulation (of certain cities including Birmingham by reference to population), and to provide further for and define the rights, powers, duties, procedure, jurisdiction, and authority of their officers and affairs. It is therefore an act to amend the charter powers of such cities, without undertaking in the title to refer to the particular powers to be affected.

We have had many cases in which our section 45, or its predecessor in like form, was controlling. We have said that generality or comprehensiveness of the subject is not a violation. Harris v. State, 228 Ala. 100, 151 So. 858. This rule as there shown has been applied to many forms of acts. Especially is it so in creating or amending municipal charter powers. As far back as the case of Lockhart v. City of Troy, 48 Ala. 579, it was before this court. In that case (on page 583) the court stated the rule as follows: "It is very evident that an act to incorporate a town or city, or an act to establish a charter for a town or city, necessarily may, and must, contain a grant of all the powers intended to be conferred on the corporation. This will embrace all the subjects incident to such a corporation. The subject of such a law is 'the charter of incorporation.' And the act may embrace whatever is necessary for this end. The title need not be an index to the act; nor need it state a catalogue of all the powers intended to be bestowed. This is included in the thing created; that is, 'the charter of incorporation.' "

We also declared in Harris v. State, supra, in substance, that there was no difference in this respect between a title to amend the charter and one to establish a charter.

An act to establish a charter for a city already incorporated is but an amendment of its existing charter. So that an act to establish a charter, or to amend a charter or to make further provision for the powers, duties, procedure, and jurisdiction of a city and its officers, all have but one subject, and include any power or duty, ordinarily incident to municipal authority.

This particular act extends into a variety of subjects. Sections 18, 19, 20, 21, 22, and 23, pages 299–302, relate to improvement assessments. They do not undertake to cover that whole subject. So that other laws not in conflict with its provisions remain as enacted. Certainly the matters so enacted relate to the powers and jurisdiction of city authorities and are within the general title of the act.

■ The next point argued is that the Act of 1915, supra, is repealed by the Act of 1927, supra. The latter act rewrites the Code sections applicable to improvement assessments. It is made to apply to all municipalities and to repeal all laws in conflict with it. And so the Code sections before they were thereby amended applied in like terms to all municipalities, except as they declared otherwise, in respect to bonds by cities of less than 6,000. The 1927 Act, supra, did no more than rewrite and re-enact the Code sections. The Act of 1915, supra, did not relate to nor expressly amend or rewrite Code sections, but made certain enactments as to cities of a certain class. It thereby, of course, made the law different from the Code as to those features so enacted. The Code sections to that extent did not apply to such cities. The re-enactment and rewriting of the Code sections without expressly referring to the matters so enacted as to those cities does

not certainly as to them, we think, show a disposition to repeal that act. To that extent it was dealing with a subject which, we have held, was not included in the general terms of the Code sections, to wit, counties. So that the re-enactment of the Code sections should not be construed to apply to counties not there specially mentioned since they are specially mentioned in the Act of 1915.

We are clear that section 18 was not repealed by the Act of 1927, supra.

■ Appellant next argues that section 18, supra, violates section 91, Constitution. It is there ordained that the Legislature shall not tax the property of counties. This means a direct ad valorem tax. City of Birmingham v. State, 233 Ala. 138, 170 So. 64; Jefferson County v. State, 233 Ala. 148, 170 So. 70. It does not exempt such property from local assessment for public improvements. City of Huntsville v. Madison County, supra; Jones v. Lacey, 220 Ala. 390, 125 So. 635; 44 Corpus Juris 540, note 47.

■ So that the Act of 1915 does not violate section 91, and it does not undertake to sell public property. It can, as it does, confine the remedy to a personal monetary claim against the county.

■ It is next insisted that interest should not be charged to the county on account of the delay in paying the amount of the assessment. The general rule is that counties are not liable for interest unless made so by statute or contract, except on its bonds and coupons after maturity. 7 R.C.L. 962; Duval County v. Charleston E. & C. Co., 101 Fla. 341, 134 So. 509, 518. At least until after demand and refusal of payment. 15 Corpus Juris 606, 607, note 57.

Section 8564, Code, provides that all contracts, express or implied, to pay money or other thing or to perform an act or duty bears interest from the time when its performance was due.

■ Section 8565, Code, provides that judgments shall bear interest. And this section applies to cities. Birmingham v. Simmons, 222 Ala. 309, 132 So. 322, 74 A.L.R. 766.

We assume that those statutes also apply to counties. So that we inquire whether they govern the present situation. It is purely statutory, since there is no element of contract except as may be implied from the fixation of a duty. In-

terest is not proper on a demand made payable as a penalty. Jean v. Sandiford, 39 Ala. 317. But it is so on the amount of a claim for damages which is measured by an ascertainable standard. Atlanta & B. Ry. v. Brown, 158 Ala. 607, 621, 48 So. 73; Alabama Power Co. v. Allen, 218 Ala. 416, 118 So. 662; Mobile & O. R. R. Co. v. Williams, 219 Ala. 238, 121 So. 722.

■ A final assessment operates as an estoppel, akin to a judgment, Birmingham v. Terrell, 229 Ala. 523, 158 So. 748; Armstrong v. Williamson, 220 Ala. 415, 125 So. 681; Ex parte Gudenrath, 194 Ala. 568, 69 So. 629, but it is not a judgment under section 8565, Code, though it fixes a liability by estoppel. Section 28, Act of 1927, page 766, amending section 2199, Code. Interest is not recoverable on delinquent taxes unless the statute so provides. Perry County v. Selma Railroad Co., 65 Ala. 391. But section 3056, Code, provides that all delinquent taxes shall bear interest at 8 per cent.

■ Section 18 of the Act of 1915, supra, makes the claim a debt presently payable upon the assessment being made final.

The law authorizing the assessment for street improvements contemplates the cash payment within thirty days without interest at the election of the property owner, or that it be deferred and payable in ten equal annual installments which will bear interest. Section 2216, Code, as amended by Acts 1927, p. 769, § 45. So that if the owner makes no election, he is in default after thirty days from the date on which the assessment is made final, and is chargeable with interest, under section 3056, Code, until it is paid. See, also, section 2218, Code, as amended by Acts 1927, p. 770, § 47, as to interest.

Taking that situation in connection with section 18 of the Act of 1915, the inquiry is whether the statutes require counties to pay interest on such assessments after they become delinquent, and when are they delinquent?

The exemption from the duty to file the claim relates to the general requirement that all claims against a county must be presented to the county commissioners before suit filed. Sections 224 et seq., and 5680, Code. But there is no duty on the part of the treasurer to pay the claim in question without a warrant. Section 303,

Code, and section 18 of the Act of 1915 does not impose such a duty.

The general rule with respect to paying county claims is thus stated in Vincent v. Gilmer's Ex'r, 51 Ala. 387, at page 389: "Construing these statutes in connection, when a claim is created by a county, in the exercise of its general powers, its obligation as a contract is, that on presentment to the county commissioners within the period prescribed by law, it shall be audited and allowed, and the county treasurer ordered to pay the same when in funds; that the county treasurer, having funds, will pay it in the order of its presentment and registration. The county is not in default, unless the court of county commissioners refuses to audit and allow the claim, or, having audited and allowed it, fails to exercise the powers with which it is clothed, to assess and collect taxes for its payment. Tarver v. Com'rs Court, 17 Ala. 527; Falkner v. Com'rs Court, 19 Ala. 177."

With respect to this tax, it is not necessary under section 18, Act of 1915, supra, to get an allowance by the county commissioners, but a warrant is due to be issued as soon as the assessment is made final, and, when issued, it is a preferred claim. If there is a delay of thirty days after the assessment is made final, to issue a warrant, provided a request is made for it within that time, it would be a detention of the debt for which interest would be chargeable under the statute. But the county authorities are under no duty to look up the city authorities and issue a warrant for this claim, and not at all until there is a request for it, although such a request is not a condition to a suit. Until there is a failure to issue a warrant on request, there is no detention of the debt. When a warrant is issued, it is made a preferred claim. If the treasurer has sufficient funds which should be used in its payment and fails to pay it on presentation, he is liable on his bond for interest and perhaps damages in addition. But he can only pay out of the county treasury the amount called for by the warrant. Vincent v. Gilmer's Ex'r, supra.

Applying those principles to this case, we think that the assessment fixes the amount of a debt, but there was no detention of the debt or its payment until there was a default in the issuance of a warrant for its payment, and that such default did not occur until there was a failure to do so on request. 15 Corpus Juris 606, 607, note 57.

There is no evidence of such request and therefore no default in that respect prior to the institution of this suit. But the suit itself was a demand for payment. Falkner v. Protective Life Ins. Co., 228 Ala. 57, 152 So. 34; Branch Bank v. Gaffney, 9 Ala. 153; 1 Corpus Juris 979; 1 Corpus Juris Secundum 1068, Actions.

The county authorities were then legally bound to issue a warrant on its treasurer for the payment of the assessment. Therefore interest was due to run from the date of the institution of this suit, February 1, 1933. It should be calculated at 8 per cent. until February 9, 1935, and thereafter to date of this judgment at 6 per cent. Act of February 9, 1935, p. 69.

The amount of the principal is $8,539.12. The interest will be calculated by the clerk of this court and judgment here rendered for the principal and interest thus to be calculated.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.