23 So.2d 547

**THROCKMORTON et al. v. CITY OF TUSCUMBIA.**

**8 Div. 309.**

Supreme Court of Alabama.

Oct. 18, 1945.

F. E. Throckmorton, of Tuscumbia, for appellants.

Andrews & Almon, of Sheffield, and A. H. Carmichael and Arthur L. Shaw, both of Tuscumbia, for appellee.

SIMPSON, Justice.

Statutory bill by appellant to quiet title to realty.

The case below was submitted on an agreed statement of facts.

Appellee, City of Tuscumbia, defended by resting its claim of title as purchaser of the lot on October 5, 1937, by virtue of an execution sale under a final assessment lien for sanitary sewer improvement previously imposed by said City through its Board of Mayor and Aldermen.

This defense to the bill was presented by answer as the statute requires, Code 1940, Title 7, § 1111, and proof seeking to sustain it was accordingly submitted.

The assessment was levied in 1920 and the provisions of law affecting the present inquiry are embodied in Article 26 (§ 1359 et seq.) of the Code of 1907.

On original submission we interpreted the agreed statement of facts as indicating a complete noncompliance with the stipulations of the statute regarding the notice to be given the property owner of the levying of the assessment.

On reconsideration we are impressed that such construction of the facts might have been inaccurate and in view of the fact that no such contention was raised by appellant, and our rule that we review the case on the theory upon which it is presented by the parties, we have concluded that discussion of the question treated of in the original opinion was out of order and that that opinion should be withdrawn.

If the record of the proceedings of the municipal board shows: (1) The adoption of an ordinance providing for the improvement in substantial compliance with the statute as then existing and limiting the assessment against the abutting property to special benefits to the property resulting from the improvement, as required by § 223 of the Constitution, (2) the minutes of the board evidencing the fact of the preparation of a "roll or list of owners; lots or parcels of property assessed against" (the roll itself need not appear in the minutes), as required by Sections 1375 and 1376 of the 1907 Code, and the delivery thereof to the city clerk at least twenty days before the final meeting fixed by the board for hearing the objections of the individual property owners to the assessments made against their respective properties, and (3) that notice was given by the clerk by publication in a newspaper of general circulation published in said municipality, that said assessment roll or list has been delivered to him, and is open for inspection in the office of the person authorized to make collection of said assessments, this suffices, prima facie, to establish jurisdiction of the subject matter, authorizing levying of the assessment. Byars v. Town of Boaz, 229 Ala. 22, 155 So. 383; Grayson v. Schwab, 235 Ala. 398, 179 So. 377; First National Bank of Dothan v. Fountain Motor Co., 227 Ala. 133, 148 So. 817; Nashville, C. & St.L.Ry. Co. v. Town of Boaz, 226 Ala. 441, 147 So. 195.

The appellant seems to have conceded that these jurisdictional requirements were complied with and raises no question of any failure of the record of the proceedings of the municipal board to show compliance with the provisions of law providing for the making of the improvement and the levying of the final assessment from which the foreclosure sale and purchase of the property by the City emanated. Of course, the municipal board, having acquired jurisdiction of the res, was authorized to proceed to final judgment and no appeal having been taken therefrom, mere irregularities in the proceedings if any, may not be taken advantage of in the present suit. Brock v. City of Decatur, 185 Ala. 146, 64 So. 73; City of Birmingham v. Terrell, 229 Ala. 523, 158 So. 748; Wynn v. First National Bank, 229 Ala. 639, 159 So. 58; Armstrong v. Williamson & Wilson et al., 220 Ala. 415, 125 So. 681.

Appellant first seeks to avoid the levy and subsequent foreclosing of the lien because the assessment was made in the name of M. E. Throckmorton, who according to the agreed facts was then deceased, whereas the life tenant, E. E. Throckmorton, was in possession of the property. This argument overlooks § 1376 of the Code of 1907, which has the provision that "no error or mistake in regard to the name of the owner shall be held to invalidate any assessment, and it shall be sufficient if

the name of the last owner as shown by the records in the office of the probate judge of the county is shown in said (assessment) book," and according to the agreed statement of facts, Mrs. M. E. Throckmorton appeared by the records of the probate office to be the last owner of the property when the assessment proceedings were transacted.

It is true that an ad valorem tax assessment in the name of a deceased owner is void, Henderson v. Simmons, 234 Ala. 329, 174 So. 491, and a sale thereunder is also void. But such an assessment is distinguishable from a municipal improvement assessment, among other things, in that under the former a personal liability of the property owner may be enforced, Wiggins Estate Co. v. Jeffery, 246 Ala. 183, 19 So.2d 769, 774, whereas a proceeding to levy a municipal improvement assessment is strictly in rem and a levy of same does not impose upon the property owner any personal liability.

Hence the rule declared by our decisions that under our statute no error or mistake in the name of the owner shall defeat the lien, no personal liability having been created against the party named as owner. Dothan National Bank v. Hollis, 212 Ala. 628, 629, 103 So. 589; City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am.St.Rep. 45.

The assessment here was made against the property and merely indicated Mrs. M. E. Throckmorton as its owner as of the time the assessment was made, she appearing by the records of the probate office to be the then owner. This was sufficient under the statute. Code 1907, § 1376.

As sustentive see also United States Bond & Mortgage Co. v. City of Birmingham, 229 Ala. 536, 158 So. 751; Cohen v. City of Alameda, 124 Cal. 504, 57 P. 377; Zeigler v. People, 164 Ill. 531, 45 N.E. 965; Chicago, etc., R. Co. v. City of Ottumwa, 112 Iowa 300, 83 N.W. 1074, 51 L.R.A. 763; Haight v. Mayor, etc. of New York, 99 N.Y. 280, 1 N.E. 883; Hamilton v. City of Fond du Lac, 25 Wis. 490.

The insistence that the sale to the City was void because of the failure of the record to show a demand by the City upon the property owner for payment of the amount of the assessment is also unsustainable. The assessment in the case of Drennen v. White, 191 Ala. 274, 68 So. 41, cited to support the argument, was rested upon an ordinance of the City of Birmingham containing a provision which required a demand for payment before sale was authorized. There was no such requirement in the statute under which the levy in the case at bar was made, so the citation is inapposite.

On further consideration, therefore, we have concluded that the former order of reversal should be set aside and the decree of the lower court affirmed. So ordered.

Original opinion withdrawn, rehearing granted, and affirmed.

GARDNER, C. J., and BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.