193 So.2d 516

**J. D. SMITH, Tax Collector**

**v.**

**PULLMAN INCORPORATED.**

6 Div. 188.

Supreme Court of Alabama.

Feb. 10, 1966.

Rehearing Denied Jan. 12, 1967.

Wingo, Bibb, Foster & Conwell, Birmingham, for appellant.

Huey, Stone & Patton, Bessemer, for appellee.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for the State Department of Revenue, amicus curiae.

SIMPSON, Justice.

Pullman Incorporated appealed to the Circuit Court under the provisions of Title 51, § 110(1), Code, which is known as "The Expeditious and Economical Tax Appeals Act" (now applying to Jefferson County alone), from an assessment made by the Board of Equalization of Jefferson County fixing the value of Pullman's real estate for the tax year 1962. As a result of this appeal the Circuit Court rendered its judgment on September 11, 1964, fixing the assessed value of Pullman's real estate for the tax years 1962, 1963, and 1964 at $950,000, which was consistent with the value placed upon the property by the Commissioners appointed by the court under the provisions of Title 51, § 110(1).

There is no controversy with respect to the assessed value as made by the court.

Subsequent to the judgment, the Tax Assessor of Jefferson County corrected the value of Pullman's property in accordance with the judgment. Thereupon the appellant, Tax Collector J. D. Smith, computed ad valorem taxes in accordance with the judgment but advised Pullman that he would not accept payment of the taxes for the tax years 1962 and 1963 unless interest was paid upon these amounts.

On October 30, 1964, the court below rendered its judgment holding that Pullman was not liable for interest for the tax years 1962 and 1963 and further holding that Pullman had fully discharged its liability for the payment of the taxes by paying the sum of $68,400 into court. The appeal was taken by the Tax Assessor from this judgment.

As we see it, the issue to be decided is when do taxes become delinquent when an appeal is taken under Title 51, § 110(1) from an assessment made by the Board of Equalization. Subsection (12) of § 110(1), Title 51, provides that after a judgment is entered by the court following an appeal taken under "The Expeditious and Economical Tax Appeals Act":

"The clerks of the circuit court shall furnish the tax assessor and tax collector a certified copy of the judgment entered by said court and the said tax assessor and tax collector shall forthwith enter said corrected value and *ascertain the correct amount of taxes* due on separate parcel or unit of property. *Upon failure of the taxpayer to pay said taxes and any costs of said appeal within 30 days from the date of the rendition of said judgment* the said property shall be subject to sale as other real property is subject to sale in the event said taxes are delinquent." (Emphasis added.)

■ The appellant admits that the above Act does not specifically provide for the payment of interest and further admits that interest does not accrue on ad valorem taxes until they become delinquent, and that such interest as is imposed is provided for by § 196, Title 51, Code, which is as follows:

"All taxes *becoming delinquent,* bear interest at the rate of six percent per annum; and such interest must be added to and collected as part of the taxes, and reported in such manner as the comptroller may prescribe." (Emphasis added.)

It is the appellant's contention, however, that ad valorem taxes become due and payable on the first day of October each year and if not paid before the first day of January next succeeding, they are delinquent and bear interest at 6% from that date. The position taken by appellant totally fails to give any effect to the provisions of Title 51, § 110(1), other than its procedural aspects. It seems perfectly clear to us that taxes determined to be payable following an appeal under these sections become delinquent unless paid "within 30 days from the date of the rendition of said judgment" in the Circuit Court. To adopt any different construction would be to wholly fail to give effect to the quoted words as used in the statute. There is a further compelling reason why we must affirm the judgment appealed from. Under the provisions of § 110(1), Title 51, there can be no final assessment until the court renders its judgment. The appeal provided for vacates the assessment made by the Board of Equalization and hence no final assessment exists until the court renders its judgment in accordance with the statute. Taxes can hardly be delinquent in the absence of a final assessment. Here there was no final assessment until the court rendered its judgment.

■ Inasmuch as Title 51, § 110(1), does not provide for the payment of interest, the appellant contends that since Title 51, §§ 53 and 196 provide for the payment of interest on delinquent taxes the taxpayer must show a "provision of law exempting it from the obligation to pay interest on the taxes while the appeal under the Act was pending". The appellant's position is not tenable. All taxing statutes are construed strictly against the taxing power and in favor of the taxpayer. State v. International Paper Co., 276 Ala. 448, 163 So.2d 607; State ex rel. Woodruff v. Centanne, 265 Ala. 35, 89 So.2d 570. It is equally well established that in the absence of a statutory provision therefor, interest is never recoverable on taxes even though delinquent. Jefferson County v. City of Birmingham, 235 Ala. 199, 178 So. 226; Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467; 51 Am.Jur., Taxation, § 971.

■ We have also carefully considered the arguments advanced by the appellant to the effect that to hold that no interest is payable when an appeal is taken under the Act referred to herein would be to adopt a construction of that Act which would render it violative of the Constitution of Alabama and of the United States. We find these arguments without merit. There is no constitutional right to have a tax assessment reviewed by a court. State v. Bley, 162 Ala. 239, 50 So. 263; Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So.2d 669. It would follow also, therefore, that this Act does not

violate the principles of the Constitution for the legislature's failure to extend its provisions to all counties. We believe that valid reasons exist for limiting the application of this Act to counties having more than 400,000 population and find no violation of any constitutional provision urged against its validity.

Judgment affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.