BRADLEY, Judge.
Vendor of residential property appeals from a judgment of $861.91 rendered by the trial court in favor of plaintiff-vendee as damages for the breach of a warranty contained in a real estate sales contract. We affirm.
The record in this cause reveals that in late April 1976 and again on May 6, 1976 the City of Mountain Brook published in the Shades Valley Sun, a newspaper of countywide circulation, legal notice of a public hearing to be held at the City Hall on May 24,1976. This legal notice was published in accordance with Code of Alabama 1975, § 11-48-7, which requires public notice to be given regarding proposed municipal improvements which have been authorized by city council ordinances. The purpose of this public hearing, to be held in compliance with § 11 — 48-8, was to hear any objections, protests, etc. from persons whose property may be affected by the proposed improvement.
On May 14, 1976, approximately eight days following the second publication of the legal notice, the parties to this appeal entered into a contract whereby Southeastern Homes, Inc. agreed to sell and the Jacksons agreed to purchase a certain residential dwelling located within the city limits of Mountain Brook. Portions of that sales contract read as follows:
Unless excepted herein, Seller warrants that he has not received any notification from any governmental agency of any pending public improvements, or requiring any repairs, replacements, alterations to said premises that have not been satisfactorily made.
This contract states the entire agreement between the parties and merges in this agreement all statements, representations, and covenants heretofore made, and any other agreements not incorporated herein are void and of no force and effect and all warranties herein made shall survive the delivery of the above deed. [Emphasis supplied.]
The closing, at which title to the realty was transferred from Southeastern Homes, Inc. to the Jacksons, took place on June 24, 1976. It is not disputed that Southeastern Homes, Inc. was the record owner at all relevant times prior to this closing, nor is it disputed that the parcel herein involved was listed in the published notices as one of those to be affected by the proposed improvements.
Some two months after the conveyance of the property, the Jacksons received notice from the City of Mountain Brook that an assessment for street improvements in the amount of $828.76 had been levied against the property purchased by the Jack-sons. The Jacksons made demand on Southeastern Homes to pay the assessment pursuant to the sales contract warranty quoted above, which demand was refused.
The Jacksons filed suit in the district court claiming a breach of warranty. While that suit was pending, the Jacksons paid the assessment plus a late penalty, an amount totaling $861.91. The Jacksons recovered this amount in their district court action, and Southeastern Homes appealed to the circuit court. The cause was submitted to the trial court on an agreed stipulation and briefs by both parties; consequently, we review this case with no presumption of correctness of the trial court’s judgment. Franklin v. State, 275 Ala. 92, 152 So.2d 158 (1963).
The trial court entered judgment for the Jacksons for $861.91, finding that the newspaper publication constituted “notice” to the defendant within the contemplation of the sales contract. The court further found that constructive notice, even in the absence of actual notice, constitutes notice provided the constructive notice is constitutional and given in accordance with the statute [§ 11-48-7]. The court concluded that the notice given by publication was valid under both these tests.
Southeastern Homes argues two principal issues on appeal: (1) that the statutory provision in § 11 — 48-7 for notice by news *343 paper publication cannot be the basis of a finding that a party received actual notice; and (2) that the doctrine of merger precludes reliance by the Jacksons upon the sales contract warranty provision, since that provision is not contained in the deed delivered to them.
On the other hand, the Jacksons contend that the express provision of the sales contract — stating that all warranties herein made shall survive the delivery of the deed — renders the doctrine of merger inapplicable to this case at bar. They further argue that personal notice to Southeastern Homes of the municipal improvement assessment is not essential where publication is duly made.
Section 11-48-7 reads:
Said ordinance or resolution must be published once a week for two consecutive weeks in some newspaper published in said city or town, and, if no newspaper is published therein, it may be published either in a newspaper of general circulation in said municipality or by posting for two weeks in three public places in such city or town.
A copy of said ordinance or resolution shall also be sent, by registered or certified mail, postage prepaid, to the persons last assessed for city or town taxation, the property of whom may be assessed for said improvements at their last known addresses, said notices to be so mailed not less than 10 days before the meeting of the city council provided for in section 11-48-8. The failure of any official charged with the duty of sending such notice to send the same or the failure of any owner of property to receive such notice, if sent by registered or certified mail as provided in this section, shall not invalidate or in anywise affect any assessment made under the provisions of this article.
Based on our reading of this statute and the cases decided thereunder, we find no merit to appellant’s first contention. The statute’s requirements regarding newspaper publication of the ordinance have clearly been complied with; and, as indicated in the statute, the failure of any official charged with the duty of mailing copies of the ordinance to property owners to send the same does not invalidate or in anywise affect the assessment.
Moreover, the Alabama Supreme Court, in discussing the statutory predecessor to § 11-48-7 in United States Bond & Mortgage Co. v. City of Birmingham, 229 Ala. 536, 158 So. 751 (1935), indicated its approval of the principles enunciated in Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301 (1913), to the effect that constructive notice to a property owner via newspaper publication is sufficient warning of the proceedings which are being taken under the authority of the state to subject his property to lawful demands and obligations. The court’s opinion in United States Bond & Mortgage Co., supra, further stated that publication in a reasonable manner is a general public notice, which the law presumes will reach the cognizance of the owner to be affected, and is due process.
Nor do we find applicable the case cited by appellant, Throckmorton v. City of Tuscaloosa, 247 Ala. 209, 23 So.2d 547 (1945), stating that a proceeding to levy a municipal improvement assessment is strictly in rem and a levy of same does not impose upon the property owner any personal liability. In the case at bar Southeastern Home’s liability is founded not upon any attempted levy of the assessment but rather upon a breach of the warranty contained in the sales contract.
Likewise, we find no application of the doctrine of merger, to the facts involved herein. The essence of that doctrine is that ordinarily, in the absence of fraud or mistake, when a contract to convey has been consummated by execution and delivery of a deed, the preliminary contract becomes functus officio, and the deed becomes the sole memorial of the agreement, and upon it the rights of the parties rest. Alger-Sullivan Lumber Co. v. Union Trust Co., 207 Ala. 138, 92 So. 254 (1922); Ridley v. Moyer, 230 Ala. 517, 161 So. 526 (1935). However, as noted in the Alger-Sullivan Lumber Co. case, supra, and in Ridley, supra, the doc *344 trine of merger may be inapplicable to cases in which stipulations of the preliminary contract, instead of becoming merged in the deed, survive and confer independent causes of action. In such instances the intention of the parties is of paramount importance. See generally, 26 C.J.S. Deeds § 91 (1956); Annot., 38 A.L.R.2d 1310 (1954); Annot., 84 A.L.R. 1008 (1933).
The deed delivered to the Jacksons by Southeastern Homes is not included in the record of this cause; consequently, the terms of that deed are not known to this court. Nevertheless, even it if is assumed that the deed contained no warranties regarding pending municipal improvements, it is undisputed that the parties expressly agreed that the warranties contained in the sales contract would survive the delivery of the deed. The trial court obviously viewed this provision of the sales contract as an expression of the parties’ intent that the warranty in the sales contract was to be an independent covenant not intended to be merged in the subsequently executed deed. Under the facts presented by this record we find no error in the trial court’s judgment. This case is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.