Dwight Carlisle, as Commissioner of the Alabama Department of Revenue, appeals from the circuit court's entry of a summary judgment in favor of Golden Rod Feed Mill ("Golden Rod"). We affirm.
The underlying facts of this case are undisputed. Those facts, as stated in Carlisle's brief on appeal, are as follows:
 "On January 11, 2002, [Golden Rod] appealed five (5) `escape' property or ad valorem tax assessments to the Circuit Court of Cullman County. The Revenue Commissioner of Cullman County . . . had entered final property tax assessments against property owned by Golden Rod that had escaped taxation for the years 1996 through 2000. The escape assessments were entered pursuant to [§] 40-7-23 [Ala. Code 1975].
 "Golden Rod stated that it agreed with the base amount of taxes due along with the 10% penalty provided for in [§] 40-7-23. However, Golden Rod did object to the addition of a 12% per annum interest added onto each assessment. This interest accrued from the original due date of each year's taxes, i.e., December 31 of the following year. It is this matter of the 12% interest that is the subject of this appeal."
(Citations to record and footnote omitted.)
Both Carlisle and Golden Rod filed motions for a summary judgment; after conducting a hearing on the competing motions, the circuit court entered an order that stated, in pertinent part:
 "On December 28, 2001, [Golden Rod] paid . . . [the] Cullman County Revenue Commissioner $18,639.63 for escaped taxes, penalties and 12 percent interest for tax years 1996-2000. [Golden Rod] then timely appealed to this court, not disputing the applicable taxes and penalties but only the 12 percent interest. [Golden Rod] contends that [the] proper sum is $13,743.73, a sum representing the taxes owed and appropriate penalties.
 "Alabama Code [§] 40-5-9 provides for interest on delinquent ad valorem taxes. In this case, the taxes are not delinquent. It is well-established under Alabama law that in the absence of a specific statute therefor, interest is never recoverable on taxes, even if delinquent. There is no such statute allowing for interest on escaped taxes."
Pursuant to this determination, the circuit court granted Golden Rod's motion for a summary judgment and ordered that Golden Rod be refunded the amount representing the 12% interest, $4,895.90. Carlisle filed a notice of appeal to this court.
On appeal, Carlisle contends that the circuit court erred in determining that interest was not due to be paid on Golden Rod's "escaped" ad valorem taxes. Our review of a summary judgment is de novo.
 "In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was `entitled to a judgment as a matter of law.' Wright v. Wright, 654 So.2d 542
(Ala. 1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there *Page 712 
is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)."
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala. 1997). It has also been observed that "where the facts are not in dispute and we are presented with pure questions of law, [the] standard of review is de novo." State v. American Tobacco Co.,772 So.2d 417, 419 (Ala. 2000) (citing Ex parte Graham,702 So.2d 1215 (Ala. 1997), and Beavers v. County of Walker,645 So.2d 1365 (Ala. 1994)).
Carlisle argues that escape assessments of ad valorem taxes, as provided for by § 40-7-23, Ala. Code 1975, are, by definition, delinquent, and that § 40-5-9, Ala. Code 1975, provides that 12% interest is to be added to delinquent ad valorem taxes. He further argues that the assessments in this case are final and interest began to accrue on those assessments on the date the taxes would have originally been due (in this case, December 31, 1996, 1997, 1998, 1999, and 2000, respectively). Section 40-7-23
states, in pertinent part:
 "(a) Whenever the tax assessor, county revenue commissioner, or other assessing official shall discover that any property, including any improvements on real estate assessed as vacant property, has escaped taxation in any assessment within five years next preceding the current year, he shall list, return, and value said property for assessment for the years during which same has escaped taxation and shall also endorse on such returns the year or years for which the property has escaped taxation and, except as provided in subsection (b) hereinafter, the accrual of a penalty of 10 percent of the taxes assessed thereon for each year.
". . . .
 "(d) The assessing official shall give notice of an escape assessment by certified or registered mail, return receipt requested, to the owner or to the agent or attorney of such owner, notifying such person to appear before the assessing official in person, or by agent or attorney, within 20 days after such notice is given, if there is an objection to the assessment, and notifying such person that if no objection is made said assessment will be made final on the twentieth day after the mailing of such notice of escape assessment. If on the date set for hearing such objection the person against whom the assessment is made fails to appear or if in the opinion of the assessing official the assessment should not be changed and the assessment is proper, then the assessing official shall make the assessment final. The property owner, if he has filed objection to such assessment, may appeal from the assessment to the circuit court of the county in which the property is located within 30 days after such assessment becomes final, by giving notice in writing to the assessing official and by filing a copy of such notice with the clerk of the circuit court and giving bond to be approved by and filed with the *Page 713 
clerk of the circuit court to cover costs, and thereafter such case shall be tried as other tax cases appealed to the circuit court from the board of equalization. The taxpayer or the state shall have the right to demand a trial by jury by filing a written demand therefor, within 10 days after the appeal is taken.
 "(e) Whenever any escape assessment is made final the taxes shall immediately become due, and the assessor, deputy assessor, or other assessing official shall forthwith certify the assessment to the tax collector, or other collecting official, who shall forthwith collect same, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond with sufficient sureties to be approved by the clerk of the circuit court in double the amount of the taxes, payable to the State of Alabama, conditioned to pay all taxes, interest, and costs due the state, county, or any agency or subdivision thereof."
Section 40-5-9 states:
 "Notwithstanding the provisions of Section 40-1-44, all ad valorem taxes becoming delinquent bear interest at the rate of 12 percent per annum, and such interest must be added to and collected as part of the taxes and reported in such manner as the Comptroller may prescribe."[1]
It is apparent from our reading of § 40-7-23 that a taxpayer's payment of an escape assessment of ad valorem taxes cannot become due, and thereafter delinquent, until after the assessment becomes final. Section 40-7-23(e) provides that the escape assessment becomes final and can be collected unless at the time of taking an appeal, the taxpayer provides a supersedeas bond that is double the amount of the taxes. In this case, not only did Golden Rod provide payment for the entire amount sought by the Department of Revenue prior to filing its appeal, but it also submitted a sufficient supersedeas bond when it appealed to the circuit court. In Valentine v. State, 403 So.2d 270
(Ala.Civ.App. 1981), this court determined that taxpayers that had paid a portion of a challenged tax assessment into court some four months after filing an appeal were delinquent. See alsoSmith v. Pullman Inc., 280 Ala. 295, 298, 193 So.2d 516, 518
(1966) ("Taxes can hardly be delinquent in the absence of a final assessment. [When an appeal has been taken from an assessment,] there [is] no final assessment until the court render[s] its judgment."). Accordingly, we conclude that Golden Rod was not delinquent on its payment of the escape assessment of ad valorem taxes and the circuit court's judgment is due to be affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
[1] Section 40-1-44 states, in pertinent part:
 "(a) Interest shall be added as provided herein to any tax or other amount due the department which is not paid by the due date. Interest on any delinquency shall be charged from the due date of the tax, except (1) interest on delinquent license taxes levied under Chapter 12 of this title shall be charged from the delinquent date provided in subsection (e) of Section 40-12-10; and (2) interest on delinquent license tax and registration fees levied on motor vehicles shall be charged beginning after the period allowed for registration or renewal; and (3) interest on the freight lines and equipment companies tax levied in Section 40-21-52 shall be charged from the delinquent date thereof. The interest shall be computed based on the underpayment rate established by the Secretary of the Treasury under the authority of 26 U.S.C. § 6621." *Page 714